GRIFFIN, In re. See Cases Nos. 5,810 and 5,815.

---

## Case No. 5,814.

### The GRIFFIN.

[4 Blatchf. 203.] [1]

Circuit Court, S. D. New York. Sept. 14, 1858. [2]

LIABILITY OF VESSEL FOR LOSS OF GOODS — NEGLIGENCE OF MASTER—COMMISSION TO TAKE TESTIMONY—EXECUTION OF.

1. Where goods shipped, under a bill of lading, from New York to Rio Janeiro, were not delivered to the consignee because, through the neglect of the master of the vessel, they were not entered on the manifest, or declared at the time of the delivery of the manifest to the custom-house officers, and were seized by the Brazilian government, and forfeited for such omission: *Held,*

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2] [Affirming Case No. 5,789. Decree of the circuit court affirmed in 22 How. (63 U. S.) 491.]

that the vessel was liable for the value of the goods to the consignee.

[Cited in Parkhurst v. Gloucester Mut. Fish. Inv. Co., 100 Mass. 305; Elwell v. Skiddy, 77 N. Y. 294.]

[See note at end of case.]

2. Where a commission for the examination of witnesses confers the power to execute it upon any one of several commissioners, it may be executed by one of them.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, against the barque Griffin, to recover the value of 132 boxes of furniture, shipped on board that vessel at the port of New York, consigned to the libellants at Rio Janeiro. The ground of the claim was the non-delivery of the goods. It appeared that the vessel arrived at the port of destination with the goods on board; that they were discharged at the custom-house wharf, and were received into the custom-house, preparatory to inspection and the payment of duties; and that, while there, they were seized by the Brazilian government for an alleged violation of the revenue laws. Through the neglect of the master of the vessel, the 132 boxes were not entered upon the manifest, nor was any declaration made of them at the time of the delivery of that document to the custom-house officers. For that omission, the goods were forfeited to the Brazilian government, according to the regulations of the revenue department. After a decree for the libellants [Case No. 5,789], the claimant appealed to this court.

Daniel Lord and Henry G. De Forest, for libellants.

Edwin W. Stoughton, for claimant.

NELSON, Circuit Justice. It is insisted on the part of the claimant, that the goods in question had been delivered to the consignees, in pursuance of the bill of lading, previous to the seizure; and that, in order to invalidate such delivery, and sustain this suit, a judicial condemnation of the goods for the forfeiture was necessary. I need not, however, stop to examine this question. The gravamen of the libel is, the non-delivery of the goods to the consignees, and this view of the case must be established, in order to sustain a recovery.

I have looked into the proofs upon this question, and concur with the court below, that the goods were in the exclusive possession and custody of the revenue officers, after they were discharged from the ship, until they were seized by the government; and that they were not delivered to the consignees at the time of the discharge, or at any time subsequently. On the contrary, the consignees were deprived of the assertion of any right or title to them, in consequence of their seizure by the government.

Several objections have been taken to the depositions returned on the execution of a commission on behalf of the libellants. I have looked into them, and am of opinion that they are not well founded. The objection that the commission was executed by but one of the commissioners, is answered by the terms of the commission, which conferred the power upon any one of them. Several formal objections to the return are answered by the 113th rule of the district court. And, as to the use of copies of papers instead of originals, on the trial, this was authorized by the stipulation of the proctors.

Prima facie evidence was given of the value of the goods at Rio Janeiro, and such evidence does not seem to have been controverted.

The decree below must be affirmed.

[NOTE. The case having been appealed to the supreme court by the claimants, the decree of the circuit court was affirmed in an opinion by Mr. Justice Campbell (22 How. [63 U. S.] 491), who held that it was the duty of the master of the bark to acquaint himself with the laws of the country with which he was trading, and to conform his conduct to those laws. "It is the habit of every nation to construe and apply their revenue and navigation laws with exactness, and without much consideration for the hardship of individual cases." The contract of the owners of the vessel was to deliver the cargo safely, the perils of the sea only excepted. The only safe delivery contemplated by the contract was a transfer of the property into the possession of the consignees.]