## THE UNITED STATES, APPELLANTS, *v.* THE WIDOW AND HEIRS OF MARCUS WEST, DECEASED.

Where a grant of land in California was genuine, and issued by the proper authority, a fraudulent attempt to alter it by erasures and interlineations for the purpose of enlarging the quantity, made after California had been ceded to the United States, will not vitiate the original grant.

The book called Jimeno's Index is not an authoritative proof of grants eumerated in it, or as a conclusive exclusion of grants not so registered, but may be referred to as an auxiliary memorandum made by Jimeno officially while he was secretary.

THIS was an appeal from the District Court of the United States for the northern district of California.

The case is stated in the opinion of the court.

It was argued by *Mr. Stanton,* upon a brief filed by the At-

torney General, for the United States, and by Mr. Benham for the appellees.

The principal question was, whether the alteration in the grant vitiated it altogether. Upon this point, the Attorney General said:

I have already said that I think there was a grant issued by Jimeno in 1840, which at the time it issued was honest and genuine. If no claim had been made for more than the league and a half comprehended within the boundaries of that grant, the case would have been a clear one in favor of the claimants. But I insist that a provisional or equitable grant, which may be converted into a legal title upon the contingency of an approval by the Departmental Assembly, and the performance of other conditions, must be regarded as wholly abandoned when the conditions were not complied with, and another and a different claim set up under a forged title.

To this argument, *Mr. Benham* replied:

The claimants derive title by succession. The grant of the 2d of November is admitted to be genuine. It must be confirmed, to the extent of one league and a half. Its alteration did not divest the rights which vested under it. It is immaterial who made the alteration; although, as a matter of fact, it was not made by the claimants, or with their knowledge or consent.

There is another grant in the archives, which vested the land (the league and a half) in West.

Lewis *v.* Payn, 8 Cowen, pages 75, 76.

Jackson *v.* Gould, 7 Wendell, p. 364.

Hatch *v.* Hatch, 9 Mass., top pages 293, **297, 298.**

Doe *v.* Hirst, 3 Starkie's Rep., p. 60.

Hennick *v.* Malin, 22 Wendell, **p. 391.**

3 Preston's Abstracts, 103.

2 H. Blackstone, 263.

Buller's N. P., 267.

The position of Mr. Attorney General, that the alteration of the grant is an abandonment of title, which will prevent

*United States* v. *West's Heirs.*

confirmation by this court, is not tenable. It cannot be held there was any abandonment when the claimants continued, as they have always done, to occupy the land.

All the conditions imposed by the Jimeno grant were complied with.

Mr. Justice WAYNE delivered the opinion of the court.

All of the documents upon which the defendants rely for a confirmation of their right to the land in dispute, are to be found on file in the archives among the expedientes of the first class. Concerning the genuineness of those which show that a grant for a league and a half was originally made to Marcus West, there can be no denial. They were admitted by the Attorney General to be genuine; but he resists the confirmation of that title, upon the ground that fraudulent attempts were subsequently made to enlarge the quantity intended to be granted, by erasures and interlineations.

West first petitioned for the land, without stating the quantity. In a few days afterwards, General Vallejo certified that the land asked for was vacant, and that it was not within twenty leagues of the boundary of California, nor within ten leagues of the sea shore. On the 30th of October, 1840, a report was made to the Governor, that the petitioner had the qualifications for receiving a grant, and that the land might be granted.

Jimeno was then acting as Governor ad interim. He declared West to be entitled to the land, to the extent of a league and a half, describing particularly its boundaries; and he made an entry of his executive action in the case, in what is termed Jimeno's Index.

We do not regard that catalogue of grants as authoritative proof of grants enumerated in it, or as a conclusive exclusion of grants not so registered by Jimeno, which may be alleged to have been made whilst California was a part of the Mexican Republic, though they may bear date within the time to which that index relates. But in this case, it may be referred to as an auxiliary memorandum made by Jimeno himself of his action upon the petition of West.

West died before the claim was acted upon by the United States commissioners.

We have only to observe, that the fraudulent attempts to enlarge the grant were made after California had been ceded to the United States; and though the proof of it is undeniable, and was an attempt to defraud the United States, that cannot take away from the wife and children of West their claim to the grant, which was made to him before California had been transferred by treaty.

We affirm the decree of the court below, confirming the grant to West for a league and a half.