Mr. Justice NELSON.
 

 This is an appeal from a decree of th'* District Court of the United States for the Northern District o California.
 

 The case presents a California land claim filed before th» Board of Commissioners April 29, 1852, by the assignees ol Juan N- Padilla, to whom the original grant as alleged wa s made'of a tract of land containing five square leagues; 12th of June, 1846, situate in the Department of Sonoma, and known by the name of “Balsa de Tómales.”
 

 The • claim was confirmed by the Commissioners, and ■ on appeal by the United States to the District Court the decree was affirmed. Afterwards an appeal was taken to this Court, where the decree of the District Court was reversed, and the cause remitted to. that Court for further testimony. The case will-be found reported in the 22 How., p. 89.
 

 This Court, after referring to the grounds of objection to the claim, namely, the unsatisfactory proof of any possession or occupation of the tract, the alteration of the date of 'the original grant of the title in form, which was in the hands of the grantee and his assigns, and the questionable character of the certificate of approval by the Departmental Assembly produced by the ’
 
 *402
 
 elaiihants, expressed the opinion, that, in' consideration of the doiibtful' character of the claim and entire Want of any merits upon the testimony, the decree below should be reversed and the' case' remitted' for further examination. Since then much additional evidence has beerL taken by both parties before the district Court, which Court again affirmed the decree- of the Commissioners, and the case is now herd on' an appeal from that decree.
 

 The' espediente produced before the Commissioners and Court below; contained the petition of Padilla, dated Monterey, 14th of May, 1846, the informe dated at Los Angelos, 20th of May, the certificate of Manuel Castro that the land is vacant and grantablé, dated at Monterey, 10th of May, and the title in form dated at Los Angelos, l'2th of Juné' following, the latter signed by Pio Pico, the Governor, and Jose Matías Moreno,. Secretary. A .certificate of the approval of the Departmental Assembly, signed by the same Governor and Secretary, dated at Los Angelos, 14th of June, samé year; WaW also' filed with the papers, together with the original grant which had been delivered to the petitioner, í’adilla'. This instrument is dated at Los Angelos, 12th of June, 1846; altered to 12th of February of the same year.
 

 The genuineness of the signatures of the Governor and Secretary to these evidences of title is proved by several witnesses, and, among them, by Moreno himself, the Secretary. The fact upon the proofs cannot well be denied, and if there wa's nothing else in the case affecting the integrity of this title, We could'concur' with the Court below' in confirming it. But two objections are taken to these papers, which, in our judgment, have not been Satisfactorily met or explained'. The first is, that the certificate of approval by the Departmental Assembly is a fabrication. The records of that Assembly, which are in good condition, prové the fact, and which is'admitted in the brief of the counsel for the claimants": It was also ■ so held by the’ Court below Now, the’ signatures of the'Governor and Secretary to this'certificate are' proved to be genuine with the same sffefigtli of evid mee ah they are to the document of the formal.tiflé'. Mo
 
 *403
 
 reno'testifies with the same fulness to the signatures in the; one case as in the. other. The fabrication of this certificate, therefore, is not the work of a stranger or of a party interested, but of these functionaries themselves. As their signatures to it are genuine, these persons are necessarily implicated in the fraud, as the certificate could not have been, fabricated without their participation. There is no escape from this conclusion. It-might have been met by proof that their signatures were forged. This would have relieved them and the title from much of the suspicion and doubtful character resting upon the title, though not.entirely, as the use of fraudulent papers by the claimant in support of a claim cannot but excite apprehension and caution. But no attempt was made to prove that these signatures were forged. On the contrary, every witness called and examined in respect to them testifies to their genuineness, and as we have seen, Morena himself, one of them.
 

 - This paper was regarded by the public authorities in California as well as""by the petitioners for a grant of a portion of the public lands as very- important in the perfection of the title. The grant in. form by the Governor, in express terms, is made “subject to the approval of the most excellent Departmental Assembly.” Such is the condition annexed, according to the law of 1824, and the regulations of 1828. This Court has dispensed with the condition in favor of these grants, which wére in all other respects unobjectionable.
 

 This paper, therefore, thus fabricated by Pico and Moreno while engaged in making the grant of the land in question to Padilla, cannot but connect itself closely with all the other documentary evidence of the title, especially that .portion- of it to which their names were essential, namely, the grant of the title in form.
 

 Of the documentary evidence of title, under the Mexican laws, the approval of the Departmental' Assembly was next in importance to the grant itself. If it must be admitted that these functionaries have been guilty of fabricating one of the documents to which their names are attached in making out the grant,- what assurance have we from the mere fact of th'a
 
 *404
 
 genuineness of their signatures that they have not fabricated the other. Dates of time and place afford no protection, as'these can be fixed to the document at the will of the parties. This certificate of approval bears date city of Los Angelos, 14th June, 1846. But these could be fixed to the paper, if fabricated, at any time after it purports to bear date, as well as at the date itself. So as it respects the time and place fixed to the document of the formal title, which purports to have been made at the same place and on the 12th June, 1846. If fabricated, like the certificate of approval, the date or place affords no security of ita genuiness. We have no record to detect the fraud, if committed, in respect to the title in form in this case as we have in many of these grants. The usual memorandum is made at the foot of the grant by Moreno, the Secretary, as follows: “Anote has ■been taken of this dispatch of the Supreme Government in the appropriate book.” -
 

 Now, if a note of this grant had been found in the book of records, the Tomada razón, as it is called, of this date, as is cer tified by the Secretary, it would have been entitled to great weight in relieving the title of much of the suspicion resting upon it. The counsel for the claimants insist that the proof furnished on this point, under the circumstances and condition of the,country at the time, should be regarded as equivalent. The Mexican records of these grants which were at the city of Los Angelos in August, 1846, were placed by the Governor in the keeping of one Vignes, in boxes, a short time before he fled from that place', which was on the 10th of that month. These archives came into the custody of Colonel Fremont, and were carried to Sutter’s fort, and kept there till 1847, when they were removed to Monterey, and were placed in the charge of Mr. Hartnell, who made anindex of the espedientes found among the archives, but not noted in any book. This grant to Padilla was found among them and indexed by Hartnell. Now, the argument is, that it must have been among the Mexican archives in the possession of Pico at the time he placed them in the hands of Yignes when he left the city of Los Angelos. This may be so. But, Pico, Moreno, M. Castro, and Padilla, whose names are.connected with
 
 *405
 
 the grant, were at the city of Los Angelos from the 22d of July ■ till the 10th of August, when they fled, within which time this grant could have been made and placed among the archives, and during which time the Governor had no authority to make any grant. This Government was in possession of the country as early as the 7th of July, 1846. It will be seen, therefore, that the fact of finding the espediente among the Mexican grants in the' hands of Hartnell affords no evidence that it must have been made at its date. ¥e agree, if it was not connected with the other document of title, an admitted fabrication, committed, if we believe the' date, two days after the date of the grant, the above facts would be entitled to consideration. But, as we have seen, the fabrication of the grant was as practicable by these parties as that of the certificate of approval consistently with the fact of the: deposit of the espediente amoúg the archives at Los Angelos before their removal to Sutter’s fort.
 

 It is worthy of remark in this connection, that the certificate of approval and the title in form, both came from the hands of the claimants, and of course both had been delivered by the Governor and Secretary to Padilla, the grantee.- They were filed before the Board of Commissioners on the 28th March, 1858, and no explanation in respect to the certificate was given or attempted, either before the Board or the Court below.
 

 The next objection to the documentary evidence of title is the alteration of the date of the title in form from 12th June, 1846, to the 12th February preceding,- — the word February over the word June. The only attempt to explain this alteration is found in the testimony of Danglada, a witness for the claimants. He testified before the District Court that the papers were delivered to him by Padilla in the month of December, 1850, for the purpose of making a sale of the lands. That at this time they had been mortgaged by Luco, the owner, to Padilla, and both were interested in the sale. The witness acted as the agent of both. On his examination in chief he testified that the date of the paper was not altered when it came into his hands, nor while in them, and that the alteration must have been made afterwards. But, on cross-examination, his áttention was called to a deed
 
 *406
 
 ■executed on the 1st March, 1852, by him, as attorney for others, of this tract, in which is recited the grant by Pico to Padilla as of the date of 12th February, 1846, and he was asked to explain ■ this date, when he was obliged to admit that .he might be mistaken. This is all the explanation that has been offered.
 

 The case of the
 
 U. S.
 
 vs.
 
 West's Heirs,
 
 (22 How., 315,) has been ■referred to as an instance.of the confirmation of a Mexican grant which was subject to the imputation of a forgery in the alteration of-the title in form. The alteration consisted in enlarging the grant of one and a half leagues to two and a half, “ un sitio to dos sitios.” The grant was made to West in 1840. He had been-in the possession and occupation of the ranch from 1838 till 1849, ■when he died. Had made extensive improvements in buildings and cultivation; among other improvements a grist-mill and cultivation of two hundred acres of grain and vegetables, besides a stock of two hundred horses and two thousand cattle. The case is ■ not fully- reported in the 22 How., and the above facts are obtained from the original record. The attorney general admitted the grant when made was genuine and honest, .and that the only objection to it was the.alteration. The papers, after the death of West, ■•came into the possession of the widow and were necessarily entrusted to other hands for the purpose of procuring a confirmation. There was no evidence tending to prove that the alteration took place while in the hands of West, -and taking the .-admission of the government that the original ■grant was genuine and honest, in connection with the possession -and improvements, this Court concurred with the Court below in the confirmation' of the league and a half. The features .of that case upon the evidence were strikingly different from the present one.
 

 There'-has been no possession or occupation in this .case ■deserving of notice in aid of the title, or as evidence bf any -'merit on the pan oi the grantee. Indeed, the weight of it is decidedly against a possession beyond that in common with .the - owners of other ranches in the neighborhood. The grant was ‘•made,-according: to its date, only twenty-five days before the • United States topk possession of the country. Padilla .had a
 
 *407
 
 previous grant of the ranch Roblar de la Misc.ia, in the same neighborhood, made on the 25th November, 1845, only a few months before the application for the one in question. Some of the witnesses confounded the occupation of this tract for that of the Balsa de Tómales. Another difficulty in the way of yielding our assent to .the integrity of this grant is, that as eariy as the last of May or the first of June, 1846, Padilla was at Sonoma, or in that neighborhood, some five hundred miles from Los Angelos where this grant purports to have been made. He was
 
 at
 
 the head of .a party of Californians in the disturbances which about that time broke out between them and the American settlers, and was charged with .having participated in the, murder of two of them. He.fled about the middle of .the month to the pouth aide of:the bay of San Francisco and joined the forces pf Castro; the commander-in-chief of the Californians; .and, .according to the evidence of Morena, the Secretary, he came down .with Castro and' met Governor. Pico and party at Santa Marguenttá, which was some one hundred and fifty miles below Monterey. Castro and Pico united their forces and passed - on .to Lps Angelos, where they arrived on the 21st or :,22d July, .and remained till 10th August, when they fled South. It is .clear Padilla could not have been at Los Angelos at the time the grant purports to be dated, and ground for strong doubt as to his being, at Monterey May 14,.at the date, of the petition. All the parties to these documents of title, Pico, Moreno, M. Castro, and Padilla, were .with the forces of Pico and General Castro at Los Angelos during the nineteen or twenty days they-remained at that place. It was within their power to have made -this grant while thus remaining together; and, as it is admitted that the certificate of approval of the Departmental Assembly was fabricated by .two of them, we cannot but distrust upon all the.evidence that the’ espediente, including all the papers relating to the title, was fabricated in the same way and at the .'same time.