## Case No. 6,178.

### HARVEY v. CRANE.

[2 Biss. 496;[1] 5 N. B. R. 218; 3 Chi. Leg. News, 341.]

Circuit Court, N. D. Illinois. March, 1871.

CHATTEL MORTGAGE—WHEN INVALID—IF INFORMAL, NOT CURED BY SUBSEQUENT POSSESSION — WHEN VOID AS A PREFERENCE — IF IRREGULAR, NOT CURED BY RECORD.

1. A chattel mortgage, not valid as against creditors, under the state law, and under which the mortgagee had taken possession, having at the time reasonable cause to believe his debtor insolvent, is invalid as against the assignee in bankruptcy.

[Cited in Johnson v. Patterson, Case No. 7,403; Re Gurney, Id. 5,873; Re Foster, Id. 4,964.]

2. Though the mortgage be good as between the parties, and given to secure a bona fide debt, yet not having been acknowledged and recorded as required by statute, the mortgagee, having retained it until the insolvency of the debtor, cannot, by then taking possession, be remitted to his rights as of the date of the mortgage.

[Cited in Re Foster, Case No. 4,964.]

3. Though possession was taken before commencement of proceedings in bankruptcy, and was in accordance with the provisions of the mortgage, yet, being within the time limited by the bankrupt act [of 1867 (14 Stat. 516)], it operated as a preference, void as against creditors, and equally void as against the assignee.

[Cited in Re Foster, Case No. 4,964; Re Oliver, Id. 10,492.]

[Cited in Seaver v. Spink, 65 Ill. 444.]

[See In re Ballou, Case No. 818.]

4. In Illinois, recording a chattel mortgage in which material changes had been made since its acknowledgment gives it no additional validity.

The bankrupt, W. G. Parr, a merchant at Normal, McLean county, Illinois, borrowed of the defendant, a resident of Chicago, four thousand dollars, in March, 1869, for which he gave a note payable April 1st, 1870, and a chattel mortgage on the goods in his store, purporting in terms to include such goods, wares and merchandise as the mortgagor should add to the stock during the time the debt was maturing. The mortgagor was to keep possession, but the mortgagee was authorized to take possession and sell the property before the maturity of the note in several contingencies, and, among others, provided the mortgagor should attempt to sell any part of the goods, except in the usual course of business, without giving notice to the mortgagee.

Under the Illinois statute (Gross' St. 1871, p. 67, § 1), it is provided: "No mortgage on personal property shall be valid as against the rights and interests of any third person or persons, unless possession of such personal property shall be delivered to, and remain with the mortgagee, or the said mortgage be acknowledged and recorded, as hereinafter directed." By section 2; A mortgage of personal property must be acknowledged before a justice of the peace in the district where the mortgagor resides, and the justice shall certify the same. By section 3: A mortgage so certified, shall be admitted to record in the county where the mortgagor resides at the time the same was made, acknowledged and recorded; "and shall thereupon, if bona fide, be good and valid from the time it is so recorded for a space of time not exceeding two years, notwithstanding the property mortgaged, or conveyed by deed of trust, may be left in possession of the mortgagor: provided, .That such conveyance shall provide for the possession of the property so to remain with the mortgagor." The mortgage was executed and duly acknowledged March 20, 1869, and afterwards some material changes were made by consent of parties, but it was never re-acknowledged. It was forwarded to and received by the mortgagee, and retained by him until the 4th of March, 1870, when he went to Normal, and on the 5th of March filed the mortgage for record in the proper office. In the meantime the mortgagor had been in possession, had made additional purchases, and had been selling the goods as usual. On the 7th of March the defendant, by his agent, took possession of all the goods in the store. At this time, to the knowledge of the defendant, Parr was insolvent. On the 30th of March a petition in bankruptcy was filed against him, upon which he was adjudicated a bankrupt, and the plaintiff, his assignee, afterwards brought this action to recover the value of the goods taken by the mortgagee under his mortgage. The jury gave a verdict for the plaintiff. Motion for new trial.

Tenney, McClellan & Tenney, for plaintiff.

John Borden and G. F. Baily, for defendant.

DRUMMOND, Circuit Judge. It has not been claimed that the mortgage was valid under the statute as against creditors. In fact, it not only was never acknowledged as it now stands, but it included after-purchased goods, and seemed to permit the mortgagor to go on and sell in the usual course of business. Davis v. Ransom, 18 Ill. 396.

It is not disputed but that the mortgagee had a right, under a clause of the mortgage, to take possession. The record of the mortgage may be left out of the case, as it must be conceded that it gave no additional validity. There is no doubt that the mortgage was given for a bona fide loan.

The case then presents this question: Whether, conceding its validity between the parties, the defendant could retain the mortgage until the mortgagor became insolvent, and his creditors were pressing their claims, by suit and otherwise, and then could take possession, and, unaffected by the altered condition of the parties, be remitted to his rights as they stood at the date of the mort-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

gage, and thus obtain a preference over other creditors.

As between the mortgagor and mortgagee, it was immaterial whether or not the mortgage was recorded, or whether the mortgage provided for the possession by the mortgagor, or for after-acquired property. Neither was it material whether the mortgagor sold the whole or any part of the property. All these things might be done, or omitted, as they agreed. It is only where the interests of other parties are affected by these stipulations that their validity can be questioned. If a mortgage had been duly acknowledged and recorded at the time the loan was made, then it would, under the 14th section of the bankrupt law, have become a lien, provided it was valid under the laws of this state.

But in this case it is claimed that a mortgage not valid as against creditors under the laws of this state, has ripened into an effectual lien or transfer by virtue of the possession taken on the 7th of March, because, though the mortgagor was then insolvent and the mortgagee knew it, proceedings in bankruptcy were not commenced till the 30th of March, and the assignee took as a purchaser, with notice of all equities. But there was nothing operative as against creditors until the defendant took possession. As against them, until then, the defendant had no security for his loan. Can creditors keep their papers and supposed securities in their pockets, and permit their debtors to go on and do business as owners of the property, and as soon as trouble threatens, watch their opportunity and sweep away all, simply by taking possession?

There are authorities which appear to hold that if the mortgage is bona fide when made, and good between the parties, it is good against the assignee. In re Dalby [Case No. 3,540]. If it be true that the assignee takes as a purchaser and subject to all equities, and that a secret transfer is an equity, then it can make no difference whether the creditor take possession before or after the commencement of the proceedings in bankruptcy, because if the possession relates back to the date of the secret transfer and overrides all intermediate acts, then it would seem to follow that the assignee could not touch the property, unless at the time of the supposed transfer there was some other objection than its secrecy. But we think it will hardly be contended that an unrecorded chattel mortgage in the pocket of the mortgagee at the commencement of bankruptcy proceedings, would be valid against the assignee, though it might be against the mortgagor. In re Wynne [Id. 18,117].

The possession, after proceedings in bankruptcy were commenced, under an unacknowledged, unrecorded chattel mortgage, should have no different effect. And if this be so, the reason is because, after the pretended security was given, a fact has occurred (e. g. the filing of a petition in bankruptcy) which gives a different aspect to the case, and it must be judged under the light of that fact.

The principle would seem to be the same in the case of a chattel mortgage, even though recorded, if void as against creditors under the law of the state. In each instance there would have to be something in addition to render it valid, as by recording or taking possession before proceedings in bankruptcy were commenced.

A creditor may obtain a preference from an insolvent debtor with knowledge of the insolvency, if within the limitation prescribed by the law. Bean v. Brookmire [Case. No. 1,168]. But the possession must be obtained by a complete act within the limitation. Here the mortgage did not create the preference as against creditors—that was invalid; neither did the record. It was still, when recorded, an invalid mortgage as against creditors, under the law of the state—among other reasons, because as it stood it was an unacknowledged mortgage. That which operated against creditors, if anything, was the taking possession on the seventh of March. It is true it was authorized by the mortgage, and it was in that sense the joint act of the mortgagor and the mortgagee, possession being the consummation of the act. The assignee represents the creditors, and any claimed lien which would be void as against creditors generally, would also be void as against the assignee.

In this case the defendant cannot rely upon the mortgage, because it is invalid as to creditors under the law of the state. He cannot rely on the possession, because it was taken under authority from an invalid mortgage, and because, further, the mortgage was wrongfully used by the defendant to obtain possession, he at the time knowing the insolvency of the mortgagor. The motion for a new trial must be overruled, and judgment be entered upon the verdict.

NOTE. The Illinois supreme court also holds that a proper acknowledgment and record of a chattel mortgage are indispensable to its validity. Gregg v. Sanford, 24 Ill. 17; Forest v. Tinkham, 29 Ill. 141; Henderson v. Morgan, 26 Ill. 431. Nor will actual notice protect the mortgagee. Porter v. Dement. 35 Ill. 478; Sage v. Browning, 51 Ill. 217. The effect of omission to record until the four months, an instrument executed and delivered prior to the four months has recently been considered by the Illinois supreme court. in Seaver v. Spink [65 Ill. 441]. The court holds that a deed made by a bankrupt more than four months prior to the commencement of bankruptcy proceedings, which is valid without being recorded as between grantor or grantee and against purchasers with notice, cannot be avoided by the assignee because not filed for record until within the four months: that the fact that the deed was not acknowledged made no difference under the bankrupt act. the acknowledgment not being essential to its validity. The distinction is to be borne in mind. however, that the above was a deed of real estate under the laws of Illinois, whereas a chattel mortgage in the same state is void as to creditors even with notice, unless acknowledged and recorded in conformity with the statute.