## C. M. AND NANCY HOUSTON v. WALTER JORDAN ET AL.

### No. 3228.

**Presumption—Alteration in Deed.**—Parties by parol contracted for the sale of a burial lot 20x44 feet. The price was paid by the vendees and possession was taken. Subsequently a deed signed by the husband and wife, the lot being the separate property of the wife, was tendered by the husband to one of the purchasers. It was signed by both husband and wife but not acknowledged. The deed called for 20x24 feet. The error was pointed out to the husband, who promised to correct it. Four days afterward the deed was duly acknowledged by husband and wife and then delivered. There was no testimony as to when it was corrected from 24 to 44 feet for length of the lot. *Held*, that it should be presumed that the alteration was made before the wife's acknowledgment was taken.

APPEAL from Hopkins. Tried below before Hon. E. W. TERHUNE. The opinion states the case.

*B. W. Foster,* for appellants. — A deed to land is perfected when signed and acknowledged, and is conclusive. The husband, after acknowledging and signing, and procuring the signature of his wife thereto to her own separate property, has no right to restrict the same, and especially to grant more property without her consent as required by law.

The erasures and changes in a deed "so sacred" would carry with it doubts without full explanation, hence the presumption would be against the recitations that the erasures and changes were made before Nancy Houston signed the same; and the burden of proof would be on the claimants, as the findings of the court show that the property was the property of Nancy Houston, wife of C. M. Houston.

No brief for appellees reached the Reporter.

STAYTON, CHIEF JUSTICE. — This action was brought by C. M. and Nancy Houston to recover a lot forty-four feet in length and twenty feet in width, but during the pendency of the action Nancy Houston died, and it must be deemed to have been prosecuted to final judgment by C. M. Houston as administrator of her estate.

There is no statement of facts, and the case must be disposed of under the conclusions of fact and law found by the court.

The lot was the separate property of Nancy Houston, and defendants claim through a deed executed by her and her husband, with privy examination made on April 1, 1882, before an officer authorized to take such acknowledgments.

It appears from the conclusions of fact that as early as the year 1878 defendants desired to acquire the land in controversy for the purpose of using it as a private burial ground, then having a pressing need for it; and that a parol agreement was made that they should have it at a designated price, after which they inclosed and used it for the contemplated purpose; but the conveyance relied upon was not executed until long after the parol agreement was made.

The conveyance in controversy bears date March 27, 1882, but it was not acknowledged by Houston and wife until April 1 of same year. On the day the deed bears date it was presented to one of defendants, but as it was then drawn it purported to convey a lot covering only a part of that in controversy, the north and south lines whereof were described as having a length of only twenty-four feet, instead of forty-four.

The court found that when the paper in this form was presented one of the purchasers made known to Houston that the north and south

lines should be forty-four feet long instead of twenty-four, and that Houston said he would correct it, and afterward delivered the deed as it now stands, signed and acknowledged by himself and wife. The length of the several lines of the lot were given in figures when the instrument was first presented, as are they now, but the figure 2 used in giving the length of the north and south lines was changed to a figure 4, thus making these lines forty-four feet long instead of twenty-four.

The court in effect found that Houston or his wife made the change in the paper, and that this was done before the deed was delivered, but he did not expressly find that the change was made before the deed was acknowledged by the wife, though his finding that the deed passed title to the land in controversy would seem to involve a finding that the change was made before the wife's acknowledgment was taken. Four days before the acknowledgment was taken the error in the paper was pointed out to Houston, and he promised to have it corrected, which was subsequently done by some person prior to the delivery of the deed; and under these circumstances, in the absence of evidence as to the time when the change was made, we think it ought to be presumed that it was made before the wife's acknowledgment was taken. Houston delivered it as it is, and it ought not to be presumed that he perpetrated or intended to perpetrate a fraud upon his wife or upon the purchasers.

The court having found that the deed passed title to the property in controversy, its judgment will be affirmed.

*Affirmed.*

Delivered November 27, 1891.