## George W. Heathman v. John G. Rogers, Assignee, etc.

1. EQUITY—*A Rule of Proceeding.*—Equity treats that as done which in good conscience ought to be done; but in the consideration of what ought to be done, it has regard not merely to the rights of the persons between whom it has been agreed that a thing should be done, but also of others entitled to be heard, and whose interests have been affected by the conduct of the parties to the agreement.

2. SECRET LIENS—*Not Favored.*—An unrecorded mortgage is a secret lien, and not favored in law or equity.

3. ASSIGNMENT FOR THE BENEFIT OF CREDITORS.—*When a Mortgage is a part of.*—A chattel mortgage was taken, it being agreed that it should not be recorded unless the mortgagor (a corporation) was about to fail. Subsequently, it being in the possession of the mortgagor, it was again acknowledged, before a different justice, and recorded half an hour before the filing of an assignment by the mortgagor. Having been delivered and recorded after the mortgagor determined to make a general assignment, and such delivery having been made at the insistence of the mortgagee's agent, who was a director of the mortgagor, the mortgage was held to be a part of the assignment and subject to it.

4. INSOLVENT CORPORATIONS.—When a corporation becomes insolvent, its directors become trustees for its creditors, and incapable of acting as agents for any other creditor, so as to enable him to obtain a preference.

**Memorandum.**—Petition for a lien under the general assignment act. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 29, 1894.

## STATEMENT OF THE CASE.

This case arises upon a petition filed by the appellant in the County Court, claiming a lien to the amount of $5,487.85 upon 350 sets of bed-room furniture in the possession of appellee as assignee of the World's Fair Encampment, under an assignment for the benefit of creditors, made by that company July 3, 1893.

The World's Fair Encampment is a corporation organized under the laws of Illinois. It constructed a building, and the bed-room sets in controversy constituted a part of the furniture purchased to equip such hotel.

The appellant was induced to guarantee the notes of the

Encampment, payable to the order of the furniture companies, for the amount of the purchase price of the furniture, upon the agreement that he be given a chattel mortgage thereon to secure him upon his indorsement and guaranty. The mortgage does not appear to have been executed at the time appellant signed the notes. It was, however, shortly after drawn up and signed by the treasurer of the Encampment, under date of the 11th of May, 1893. It was acknowledged before a justice of the peace, June 5, 1893, it being agreed that it should not be recorded unless the mortgagor was about to fail. Subsequently, and on the 3d of July, 1893, it being in the possession of the mortgagor, it was again acknowledged by the treasurer before another justice, and was then duly recorded half an hour before the filing of the assignment by the Encampment. This was done after an assignment had been determined upon, and upon the insistence of the son of appellant, who had been directed by appellant to look after the matter for him. This son was a director of the Encampment Company.

Appellant, by reason of the collapse of the Encampment, was obliged to pay its notes, guaranteed by him as aforesaid, to the amount of $4,333.90, and thereupon filed the present petition in the County Court, asking the delivery to him of the furniture in controversy under his lien. The County Court, upon a hearing, having dismissed the petition, the appellant perfected the present appeal.

Green, Willits & Robbins, attorneys for appellant.

Wm. R. Burleigh, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

It is insisted that the agreement, upon sufficient consideration to give appellant a mortgage, created in his favor an equitable lien.

It is true that equity regards and treats that as done which in good conscience ought to be done; but a court of

equity, in the consideration of what ought to be done, has regarded not merely the rights of the persons between whom it has been agreed that a thing should be done, but also others entitled to be heard, whose interests have been affected by the conduct of the parties to such agreement. Clements v. Moore, 6 Wallace, 299–312; Harvey, assignee, v. Crane, 2 Bissell, 496; National Park Bank v. Whitmore, 40 Hun, 499.

In the present case it appears, not that a mortgage was executed, but promised; and that the understanding had with appellant was that the promised mortgage was not to be recorded, unless the mortgagor was about to fail. In other words, the promised lien was to be kept secret.

If, as is contended, appellant had an equitable lien, by his conduct in concealing such lien, a fictitious credit was given to the mortgagor, and appellant is now confronted by the claims of those who have trusted his debtor in ignorance of what he now insists is a security he had long before the failure of the Encampment Company.

Secret liens are never favored.

It is said that under the insolvency statute of this State, an assignee takes only the estate which the assignor had, and that the estate of the assignor was subject to the right of appellant to have a mortgage thereon to an equitable lien.

Whatever may have been the rights of appellant as against the Encampment Company, that company could have sold its property and given a good title thereto, or it could have suffered judgment, and thereby enabled another creditor to obtain a lien having precedence over that of appellant; or it could, as it did, determine upon a general assignment without reference to the rights of appellant. The mortgage being still in the keeping of the mortgagor, appellant had, when such determination was made, no security; he had merely a promise of security. What he is now seeking to enforce is such promise. The promise was to give a chattel mortgage which should not be recorded unless the company was about to fail, of which anticipated

failure appellant should have notice.  Such an undertaking
is obnoxious to the spirit of our insolvency law, and can
not be enforced.

Having been delivered to appellant and by him recorded
after the company had determined to make a general assign-
ment, and such delivery having only been made at the insist-
ence of appellant's agent, who was a director of the
company, the mortgage is to be regarded as a part of the
assignment and subject to it.  Preston et al. v. Spaulding
et al., 120 Ill. 208; Hanford Oil Co. et al. v. First Nat'l
Bank, 126 Ill. 584.

In the last mentioned case the court said:  "If instead of
executing the power of attorney with the agreement men-
tioned, the debtor should execute a chattel mortgage
to his creditor, with an agreement that it should not
be placed of record until financial trouble came, of which
notice should be given by the debtor, and the debtor, after
determining to assign for the benefit of all his creditors,
should give the notice, and the chattel mortgage be filed
for record, could it be contended that such mortgage would
have a better standing than, or priority over, another mort-
gage executed and recorded contemporaneously with the
first mentioned mortgage?  Obviously not.  Yet it will be
conceded that the mortgage last mentioned would fall
directly within the rule announced by this court in its pre-
vious decisions, and would, with the deed of assignment, be
considered one transaction, having for its object the dispo-
sition of the debtor's estate for the benefit of his creditors,
and the preference thereby attempted to be created be
declared void."

The pertinency of the foregoing citation to the facts of
this case is obvious.

It is also insisted by appellant that the mortgage was de-
livered May 11th, and became a valid lien prior to the
assignment.

As to a delivery at that time, the general finding of the
County Court being against appellant, it is to be presumed
that its conclusion as to all questions of fact was such as

tends to support the judgment rendered. We see no sufficient reason for reversing its conclusion in this regard.

When the company became insolvent its directors became trustees for its creditors, and incapable of acting as agents for any other creditor to enable him to obtain a preference. Atwater v. Am. Ex. Bank, 40 Ill. App. 503; Beach v. Miller, 130 Ill. 170; Commercial Nat. Bank v. Burch, 141 Ill. 519.

That the mortgage passed out of the custody of the mortgagor was owing to the action of a director of the insolvent when the papers for its assignment were, by its direction, in course of preparation.

We see no sufficient reason for interfering with the order of the County Court, and it is affirmed.