MARCHANT *v.* YOUNG, administratrix.

FISH, C. J. 1. If a husband buys land and causes a deed to his wife to be executed by the vendor, such conveyance will amount to a gift of the land by the husband to his wife, and will operate to vest the title in her.

2. After such conveyance, the mere fact of surrender of the deed by the wife to the husband, and its destruction, will not operate to divest the title.

3. If, while the title is vested in the wife under circumstances enumerated in the preceding note, the husband seeks to sell the property to a third person, and the wife knows of his intention to do so, and upon request of the contemplating purchaser to know if she is satisfied for the sale to be made she in response assents thereto, and the sale is actually

made in good faith, the purchaser paying the purchase-price and receiving a deed, it being a part of the trade that the purchaser shall take immediate possession of the major portion of the land and the husband and wife shall have the right to occupy a fractional part thereof during their lives, and the several parties enter possession of the respective parts of the property as stated, and thereafter the wife dies while residing on the property, the administrator of the wife will be estopped from asserting title against such purchaser.

(*a*) There was evidence submitted upon which the jury would be authorized to find as indicated above. This evidence was submitted without objection by opposing counsel. Whether or not it was objectionable on the ground that estoppel should have been specially pleaded is not raised by the record.

4. Testimony that the wife, out of the presence of the purchaser, referring to her husband and her grantor, said: "They have got the deed, and I know they will sell the place. I don't want them to, and I ain't going to sign anything," was hearsay and inadmissible.

5. Testimony of the wife's grantor that the deed executed to the wife had been returned to him by the daughter of the wife was admissible, but the further testimony that the daughter stated that her mother "had refused to accept the deed," would be hearsay and inadmissible.

6. Where an administrator sues to recover land for the purpose of distribution among the heirs at law of the intestate, a quitclaim deed from an heir to the defendant is admissible against the administrator to prevent recovery of the distributive share of that heir in the land; but the recitals in the quitclaim deed executed by some of the heirs at law to the plaintiff's intestate, offered in evidence by the defendant in this case, were not admissible, such recitals being to the effect that the estate of the intestate had been long since wound up, and the property left by her, both real and personal, had been distributed among her heirs at law, each of them, including the plaintiff, consenting thereto and receiving their respective portions of the estate, with the further recital that the heirs executing the quitclaim deed disapproved of the bringing of the action.

7. There was a conflict between the testimony of the grantor and the daughter of the wife as to whether the daughter returned to the grantor the deed which had been executed to her mother. The testimony in the depositions of the husband, to the effect that he saw his daughter deliver a paper of some kind to the grantor, without identifying it as the deed in question, and without stating the time, place, and circumstances in such manner as to show that he referred to the transaction over which there was a conflict between the witnesses, was irrelevant. This, with the other testimony which the court rejected, was properly excluded.

8. The action being complaint for land by the administratrix upon the estate of the deceased wife against the purchaser, it was error, under the pleadings and evidence, to direct a verdict for the party bringing the action.          *Judgment reversed. All the Justices concur.*

MAY 16, 1917. REHEARING DENIED JUNE 15, 1917.

Complaint for land.  Before Judge Kent.  Tift superior court. July 4, 1916.

*C. W. Fulwood, J. S. Ridgdill,* and *R. Eve,* for plaintiff in error.

*Perry & Williamson,* contra.