CITIZENS BANK OF MOULTRIE *et al.* v. TAYLOR *et al.*

No. 6730. JULY 20, 1929. REHEARING DENIED OCTOBER 4, 1929.

*Waldo DeLoache,* for plaintiffs in error.

*Hoyt H. Whelchel,* contra.

HINES, J. (After stating the foregoing facts.) "A deed to lands in this State must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser, or some one for him, and be made on a valuable or good consideration." Civil Code (1910), § 4179. Notwithstanding the provisions of this section, as between the parties a deed is valid though attested by but one witness. *Downs* v. *Yonge,* 17 *Ga.* 295; *Lowe* v. *Allen,* 68 *Ga.* 225. So a deed without witnesses is legal and binding between the parties thereto, and those claiming under them as mere volunteers. *Johnson* v. *Jones,* 87 *Ga.* 85 (2), 89 (13 S. E. 261); *Munroe* v. *Baldwin,* 145 *Ga.* 215 (88 S. E. 947). The requirement of two witnesses is to be taken to apply to a "perfect deed," which on recordation will be constructive notice to all the world. *Gardner* v. *Moore,* 51 *Ga.* 268, 269. "In order to authorize the record of a deed to realty or personalty, if executed in this State, it must be attested by a judge of a court of record of this State, or a justice of the peace, or notary public, or clerk of the superior court, in the county in which the three last-mentioned officers respectively hold their appointments; or if subsequently to its execution the deed is acknowledged in the presence of either of the named officrs, that fact, certified on the deed by such officer, shall entitle it to be recorded. Civil Code (1910), § 4202. If the deed is neither attested by nor acknowledged before either of the officers aforesaid, it may be admitted to record upon probate by one of its subscribing witnesses. § 4205. So, to admit a deed to record, it must be a perfect deed. It must be attested by two witnesses. It must be attested or acknowledged, if executed in this State, as provided in section 4202, or it must be probated as provided in section 4205. If a deed purporting to convey an absolute estate in fee to the grantee is properly attested, and thereafter the maker before delivery inserts therein a provision limiting the estate of the. grantee to her life, and creating a remainder

therein in favor of his children, such insertion being made out of the presence and without the knowledge of the attesting witnesses, and the deed so altered is not thereafter attested or its execution thereafter acknowledged, is the record of such altered deed constructive notice to a subsequent bona fide purchaser for value from the grantee, without actual notice of the terms of the deed as altered? It is true that in those jurisdictions where attestation or acknowledgment is not made essential to the validity of a deed, until a deed is delivered the grantor has full power and control over it, and he can make such alterations in it as he may see fit, for it is not his deed until it is delivered. Complete execution of a deed is consummated only by final delivery. The mere signing of the deed by the maker, and its attestation by witnesses, does not preclude changes in the instrument before delivery. Wetherington v. Williams, 134 N. C. 276 (46 S. E. 728); Malarin v. U. S., 68 U. S. 282, 289 (17 L. ed. 594); 2 C. J. 1239 (§ 115), 3.

In this State, as we have seen, a deed to land as between the parties thereto is good without attestation or acknowledgment by the grantor. In view of this principle, the grantor in the deed involved in this case, as between the parties thereto, could, after signing the same and after its attestation but before delivery, lawfully insert therein the provision limiting the estate granted to his wife for life, and granting the remainder estate in the land conveyed to his children. Whether, after delivery of a deed, the parties thereto may consent to a material alteration therein, the authorities are in conflict. Some of the authorities hold that even after delivery the parties may consent to a change and redelivery, the new delivery constituting a re-execution, even without a reacknowledgment. 2 C. J. 1240 (§ 116), b; Baker v. Baker, 239 Ill. 82 (87 N. E. 868); Prettyman v. Goodrich, 23 Ill. 330; Abbott v. Abbott, 189 Ill. 488 (59 N. E. 958); Huffman v. Hatcher, 178 Ky. 8 (198 S. W. 236); Woodbury v. Allegheny, 72 Fed. 371; Walkley v. Clark, 107 Iowa, 451 (78 N. W. 70); Respess v. Jones, 102 N. C. 5 (8 S. E. 770); Doe v. Roe, 9 N. C. 33 (11 Am. D. 738); Chezum v. McBride, 21 Wash. 558 (58 Pac. 1067); Goodwin v. Norton, 92 Maine, 532 (43 Atl. 111); Eadie v. Chambers, 172 Fed. 73 (24 L. R. A. (N. S.) 879). In most of these cases redelivery of the deed as a new instrument was held requisite. By the weight of outside authorities no alteration of a deed after it has once been

delivered will have any effect upon the grantee's title, whether the alteration be with or without the consent of the parties. Gulf &c. Co. v. O'Neal, 131 Ala. 117 (30 So. 466, 90 Am. St. R. 22); Burgess v. Blake, 128 Ala. 105 (28 So. 963, 86 Am. St. R. 78); Gibbs v. Potter, 166 Ind. 471 (77 N. E. 942, 9 Ann. Cas. 481); Stanley v. Epperson, 45 Tex. 644; Jackson v. Jacoby, 9 Cow. 125; Alexander v. Hickox, 34 Mo. 496 (86 Am. D. 118); Hancock v. Dodd (Tenn.), 36 S. W. 742; Booker v. Stivender, 13 Rich. L. 85; Hunt v. Nance, 122 Ky. 274 (92 S. W. 6); United States v. West, 22 How. 315 (16 L. ed. 317); Woods v. Hildebrand, 46 Mo. 284 (2 Am. R. 513); Burnett v. McCluey, 78 Mo. 676; McLindon v. Winfree, 14 N. C. 262; Wheeler v. Single, 62 Wis. 380 (22 N. W. 569); Waldron v. Waller, 65 W. Va. 605 (64 S. E. 964, 32 L. R. A. (N. S.) 284); Carr v. Frye, 225 Mass. 531 (114 N. E. 745, L. R. A. 1917E, 814). Under the rulings of this court that a deed is good without any witnesses, perhaps any material alteration in a deed made with the consent of the parties thereto, and the redelivery of the instrument, might operate to effectuate the changes so made in the instrument, and to convey the property in accordance with such changes; but we deem it unnecessary in this case to decide that question. We have shown that to entitle a deed to be recorded it must be executed in accordance with the requirements of section 4179 of the Civil Code. Among these requirements is the one that the instrument must be attested by two witnesses. We have further seen that to authorize the record of a deed to realty it must be attested by one of the officers named in section 4202 or must, subsequently to its execution, be acknowledged in the presence of either of said officers, or, if not attested or acknowledged before either of said officers, it may be probated as provided in section 4205. The proper registration of a deed required by law to be recorded is conclusive notice of the conveyance to the world. "When a deed is well recorded, everybody must be presumed to know of the record, for certain purposes; but when not well recorded, the presumption of ignorance holds, until actual knowledge or information of the record is clearly proved." *Gardner* v. *Granniss, 57 Ga.* 539, 557. The registry of a deed not attested, or not proved or acknowledged according to law, is not constructive notice to a subsequent purchaser. *Herndon* v. *Kimball, 7 Ga.* 432 (50 Am. D. 406); *Coniff* v. *Hunnicutt, 157 Ga.* 823 (122 S. E. 694).

The alteration made in the deed involved in this case was material. It reduced the absolute estate in fee granted to the wife by the husband, as it originally stood, to a life-estate, and conveyed the remainder to the two children of the grantor. Thus altered the deed became in effect a new instrument, and in this situation it could not be admitted to record without reattestation or reacknowledgment by the grantor, although as originally attested it could be properly admitted to record. Material alterations made in a deed after due attestation or acknowledgment necessitate a reattestation or acknowledgment, to entitle it to record. 1 C. J. 755 (§ 18), b; Harvey v. Crane, 11 Fed. Cas. 6,178, 2 Biss. 496; Bryant v. Charleston Bank, 107 Tenn. 560 (64 S. W. 895, 897). Where there has been a material alteration in a deed, the deed to the extent of such alteration has become a new deed, and the alteration may be of such character as entirely to change the original deed. · In such a case, to give effect to the alteration, the deed should be reattested and redelivered; and if it has been acknowledged before alteration, it should be again acknowledged. Moelle v. Sherwood, 148 U. S. 21 (37 L. ed. 350); Booker v. Stivender, 13 Rich. 85; Sharp v. Orme, 61 Ala. 263; Webb v. Mullins, 78 Ala. 111; Houston v. Jordan, 82 Tex. 352 (18 S. W. 702); 1 Devlin on Deeds (3d ed.), § 462a. The altered deed in this case, being in effect a new deed, was not so attested or acknowledged as to authorize its record; and this being true; its record would not afford notice to a subsequent purchaser from the grantee for value, without actual notice of the altered instrument. Especially is this so where the remaindermen under this deed were volunteers. It follows that the trial judge erred in directing a verdict in favor of the plaintiffs against the defendants.

*Judgment reversed. All the Justices concur, except*

HILL, J., dissenting. I can not concur in the judgment of reversal. It appears from the record that on October 31, 1924, a paper was signed by J. W. Taylor, in the form of a warranty deed, purporting to convey to his wife, Mary Taylor, who was a third wife, "forever in fee simple," described realty upon a cash consideration of $1,000. The paper was duly attested by two witnesses, one of whom was an officer authorized to attest deeds. After the paper was thus signed and attested, Taylor added thereto, out of the presence of attesting witnesses, a clause as follows: "At her death

this goes to my children Florence and Medford Taylor." After the paper was thus altered it was delivered by Taylor to his wife and was recorded November 12, 1914. J. W. Taylor executed, on what purports to be the same day, October 31, 1914, a warranty deed to his said wife, *purporting* to convey the same land upon a cash consideration of $1,000. This deed was attested by two subscribing witnesses, one of whom purported to be a notary public and ex-officio justice of the peace. The deed was recorded on November 24, 1917, over three years later. In 1922 Mrs. Taylor exhibited the last-named deed to the Citizens Bank of Mountrie, and, on the strength of her apparent title in virtue of such deed and possession of the land, obtained a loan, the bank having no *actual* notice of the deed first above mentioned. The loan deed executed by Mrs. Taylor was subsequently foreclosed, and the bank became the purchaser at the foreclosure sale. After the death of Mrs. Taylor, the two children designated in the first deed, who had lived with Mrs. Taylor, their stepmother, on the land, and who remained in possession of the land, instituted an action to cancel the second deed as a cloud upon their title, and to enjoin interference with their possession. On the trial the judge directed a verdict for the plaintiffs, and the defendants assign error on the ground that this direction was contrary to law and without evidence to support it. I am of the opinion that the exception is without merit under the facts of this case. The first deed was, so far as the registration shows, perfectly regular on its face, as to execution and registration, and was sufficient to put a subsequent purchaser under a deed purporting to be executed by the same vendor on the same date, to the same property, but recorded nearly three years later, on notice of whatever interest the vendees (the children) had therein. This case is different in its facts from the case of *So. Iron Co.* v. *Voyles,* 138 *Ga.* 258, 261 (75 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. 1913D, 369), in that in the present case both witnesses who attested the first deed were qualified to attest deeds, including the official who witnessed it. In the *Voyles* case the instrument was defectively attested, because the notary public was a stockholder in the corporation, and was therefore disqualified on account of interest from attesting as such notary the deed or bill of sale to which the corporation was a party. The record in the present case is silent as to which of the two deeds was executed first. They purport to

have been executed on the same date. If they were executed simultaneously, the first deed recorded would take precedence over the one recorded about three years later. Civil Code (1910), §§ 3320, 4198. Where two deeds between the same parties, for a valuable consideration, are executed on the same date, conveying the same land, one recorded twelve days after its execution, and the other not recorded until nearly three years after its execution, and the title conveyed in each deed is conflicting, the first deed filed for record will prevail over the second. §§ 3320, 4198. Title once vested is not divested or revested in the vendor by the mere destruction or change of the first deed, by agreement in parol between the vendor and vendee. *Marchant* v. *Young,* 147 *Ga.* 37 (2) (92 S. E. 863) ; see 18 C. J. 406, § 473. Where a deed is properly executed by a vendor to his third wife, conveying a fee-simple title, but before delivery of the deed the vendor inserts therein a clause : "at her death [vendee] this goes to my children Florence and Medford Taylor," without further attestation, and the deed is then delivered to the wife, who accepts the deed, goes into possession of the land, and has the deed promptly recorded, this will create a life-estate in the wife, with remainder over to the children, and the delivery of the deed to the life-tenant and possession of the land by her will enure to the benefit of the remaindermen; and where such deed is duly recorded, and such registration shows the deed to be regular on its face, such record is sufficient to put subsequent purchasers of the fee from the wife on notice of the remainder interest vested in the children. I can not concur in the view of the majority that a deed must be "a perfect deed" in order to admit it to record and put third parties on constructive notice of the interest of the vendee in the deed which is regular on its face and properly recorded. The evidence shows that Mr. and Mrs. Taylor tried to sell this land to several persons before selling it to the bank; and the parties declined to buy it, because they examined the recorded deed in the clerk's office, and saw that Mrs. Taylor did not have a fee-simple title to the land. And neither Mr. nor Mrs. Taylor claimed that the latter had a fee-simple title, but they said that "the children would not bother them" if they bought. If the bank had used the same precaution, it would have discovered the same thing, viz., that Mrs. Taylor could not sell what she did not possess—a fee simple title. The deed was perfectly

good, recorded or unrecorded, as between Mr. and Mrs. Taylor, and that deed as recorded gave Mrs. Taylor only a life-interest in the land, and the remainder to the children, and, being regular on its face and properly recorded, was sufficient to put the world on notice as to who owned the remainder interest in the land. The court properly directed a verdict for the plaintiffs.

### ON MOTION FOR REHEARING.

HINES, J. ▓ In their motion for a rehearing the defendants in error insist that we overlooked the testimony of J. T. Taylor, who testified that his father, his father's wife, and his father's children, Medford and Florence, were living on the land involved in this litigation, under the deed by which said children claimed title to the land involved in this case, and that we overlooked the principle of law contained in section 4528 of the Civil Code of 1910, which is applicable under the facts testified to by said witness. Said section declares in part that "Possession of land is notice of whatever right or title the occupant has." It is insisted, as Medford and Florence were in possession of this land at the time their stepmother executed her deed to this land to the bank, that their possession was notice to the bank of whatever right or title they had in or to said land. In *Goodwynne* v. *Bellerby*, 116 *Ga.* 901 (43 S. E. 275), this court held that where minor children resided with their father who was in possession of land to which he had the legal title, the children's residence on the land was not sufficient to put a purchaser from the father upon notice or inquiry as to any secret equity they might have therein. In *Hall* v. *Hilley*, 134 *Ga.* 77 (67 S. E. 428), it was held: "If an owner of land lived in the house upon it, together with a man and his wife and child, under an agreement with the wife that if she would board him and do his washing for the remainder of his life the property would belong to her for life, with remainder to her child, presumptively the possession would be that of the owner of the legal title; and if there were no other evidence to rebut such presumption or to show notice of any right or equity on the part of the woman and her child, the rule that possession of land is notice of whatever right or title the occupant has would not apply unqualifiedly; and if a third person purchased the land from the owner bona fide for value, and without notice, he would acquire a good title." In *Manning* v. *Manning*, 135 *Ga.* 597 (69 S. E. 1126), it was held: "The pos-

session or occupancy of land which will be notice of the occupant's title must have some element in it indicative that the occupancy is exclusive in its nature. Where, therefore, a daughter lives in the house with her mother, upon land the title to which is in the mother, and where the mother receives the rents, issues, and profits of the land, a bona fide purchaser from the mother while in possession of the land takes his title freed from any secret equity of the daughter." In *Dix* v. *Wilkinson*, 149 *Ga.* 103 (99 S. E. 437), this court held: "Possession of land is notice of whatever right or title the occupant has; but, in addition to other essential elements of possession, it must be present, visible and open." In *McDonald* v. *Dabney*, 161 *Ga.* 711, 714 (132 S. E. 547), this court laid down these propositions: "The possession of land which will be notice of the occupant's title must have some element in it indicative that the occupancy is exclusive in its nature. . . The protection which the registration law gives to one taking title to lands upon the faith of the record title should not be destroyed except upon clear and satisfactory evidence showing a clear equity in him who seeks to establish a right in hostility to the record title. . . Such possession must be actual, open, visible, exclusive and unambiguous." By parity of reasoning, where children lived with their stepmother to whom their father had conveyed the legal title, the possession of the children under these circumstances alone was not notice to a purchaser bona fide from the stepmother of any claim or right of the children under the deed referred to in the second division of the opinion in this case.

■ Plaintiffs further insist that we overlooked certain facts which appear in the record. One of these facts is that these plaintiffs in the 9th paragraph of their petition alleged that the defendants were claiming under the deed from their father to their stepmother, attested by A. L. Mueller, as a notary public and ex-officio J. P., and that the defendants in answer to this paragraph alleged that they were unable to admit or deny the allegations of said paragraph, for want of sufficient information. Movants further insist that we overlooked the fact that there was in the record a certificate of the secretary of State showing that Mueller was not in commission as a notary public and ex-officio J. P. on the date of the deed from Taylor to his wife, which purported to be officially witnessed by him as a notary public and ex-officio J. P. These

facts go to invalidate the deed so witnessed; but conceding the invalidity of this deed, we think the bank acquired a good title under the deed from Taylor to his wife, under which the plaintiffs claim title to this land. This deed when prepared purported to convey to the wife an absolute estate in fee simple. It was duly attested. Before delivery the maker inserted therein a provision that at the death of his wife the land should go to the plaintiffs. The deed with this insertion in it was not afterwards attested or acknowledged by the maker before the witnesses thereto. When this deed was duly recorded and delivered it was notice to the world that the husband had conveyed to the wife a fee-simple estate in this land; but as it was not reattested by or acknowledged before the witnesses with this provision in it, it was not effective to cut down the fee-simple estate conveyed to the wife into a life-estate with remainder to the children, as against a bona fide purchaser from the wife, without any actual notice of this provision in the deed. Its record, as we held, was not constructive notice of the title of the children. Without the provision in favor of the children it was effective as a conveyance of the fee in the land to the wife; and while this provision in favor of the children was good as between the parties, as the record did not furnish constructive notice to a subsequent purchaser for value from the grantee of the provision in favor of the children, without actual notice or knowledge of the terms of the deed as altered, this instrument did not create a remainder in favor of the children which was good against an innocent purchaser. The deed as originally executed and attested being one conveying to the wife land in fee simple, it was effective for that purpose when delivered by the husband to his wife. Not being reattested or acknowledged after the grantor inserted therein the provision in favor of his two children, its record was not constructive notice of such provision, and this provision would not have the effect of cutting down the estate in fee simple, conveyed by the deed to the wife before the insertion of this provision (although it was inserted before delivery), as against one who in good faith advanced money to the wife and took her deed to this land to secure the same without actual notice of the change in this deed by the grantor. The deed as executed and attested was good to put the title to the land in the wife in fee simple when delivered. Not being reattested or acknowledged by the maker after the insertion of

this provision, it was not constructive notice to a bona fide purchaser, of the provision in favor of the children, and as to such purchaser was it not effective to cut down the fee-simple estate in the land conveyed by the wife to the bank to an estate in the wife for life, with remainder to the children. We see no reason to change our ruling to this effect. The other grounds of the motion for rehearing are without merit; and the motion is denied.