[No. 2406.    Jan. 24, 1921.]

## JONES v. ROCKY CLIFF COAL MINING CO.

### SYLLABUS BY THE COURT

One claiming title to real estate under a deed ineffectual as a conveyance because executed with the name of the grantee in blank, but whose name was later inserted as grantee, is burdened with the proof of explaining and justifying such change in the instrument, to give it validity as a conveyance. .

Appeal from District Court, McKinley County; Raynolds, Judge.

Suit by Annie A. Jones against the Rocky Cliff Coal Mining Company and others. Judgment for plaintiff, and defendant named appeals. Affirmed.

J. O. Seth, of Santa Fe, for appellant.

E. A. Martin, of Gallup, and McFie & Edwards, of Santa Fe, for appellee.

### STATEMENT OF THE CASE.

This is a suit to quiet title in statutory form brought by Annie A. Jones, appellee, against the appellant, Rocky Cliff Coal Mining Company, and

others. The defendants with the exception of appellant made default. Appellant answered denying title in appellee, asserting title in appellant, and praying that title be quieted in it. The case was tried to the court, a judgment entered quieting title to the property in the appellee (plaintiff), from which the appellant (defendant) appeals.

### STATEMENT OF THE FACTS.

It is conceded by the briefs of both parties that Elizabeth G. Kunz and husband, O. W. Kunz, were the owners of the property in question on the 16th day of June, 1916. The evidence shows them to be the common source from which both the appellant and appellee claim title. Prior to the 16th day of June, 1903, the appellee gave Canavan $650 with which to purchase said property. At this time appellee was employed by Canavan and a more or less confidential relation existed between them. Thereafter Canavan exhibited to appellee a warranty deed executed by said Elizabeth Kunz and husband purporting to convey said property, in which the name of the grantee was left out; stating to her that the deed was hers; that he would hold it for her for safe-keeping. She went immediately into actual possession of the property and resided on it until some time in 1913 or 1914, and thereafter rented it and collected the rent from tenants occupying the property holding under her until January 11, 1918; during all of which time she paid all taxes thereon.

The only evidence introduced by appellant Rocky Cliff Coal Mining Company was the deed originally taken by Canavan, which had been changed by inserting therein the name of said Rocky Cliff Coal Mining Company as grantee. This deed recited a consideration of $650. It was filed for record in February, 1917. The name of appellant as grantee was supplied at some time between the date of its being exhibited to appellee after delivery to Canavan by the grantors, and the date of its record in

1917. The appellee had no actual knowledge of any claim of appellant to the property prior to the recording of this deed. There is no testimony to show who the grantor intended should be grantee in said deed; to whom it was delivered; who, if any one, was authorized to fill in the name of grantee; the consideration, if any, paid by appellant; the reason the grantee's name was left blank; how the appellant secured possession of the deed; when or by whom its name was supplied as grantee.

In the year of 1915 the appellee and Canavan had some sort of difference in El Paso, Tex., at which time Canavan made threats from which appellee inferred that he intended to deprive her of this property. Thereupon, acting on advice of her attorney, she secured a quitclaim deed from Elizabeth G. Kunz and husband, grantors in the original deed, reciting a nominal consideration of $1. This deed was dated June 15, 1915, and was filed for record June 19, 1915, and recorded the same day.

### OPINION OF THE COURT.

BRICE, District Judge (after stating the facts as above). This is a companion case to cause No. 2405 (27 N. M. 41), between the same parties and decided at this term of the court.

At the time Canavan exhibited the deed to appellee, it had been executed by the grantors named therein, but was blank as to grantee. This was in 1903. It next appears at the trial of this case many years later with the name of appellant written in as grantee. In its original state this deed was ineffectual as a conveyance (Jones v. R. C. Coal M. Co. et al., supra), and the burden was on appellant at the trial to explain and justify the change, which it did not meet. Devlin on Real Estate (3d Ed.) §§ 456, 456A, and 463; Jones v. Rocky Cliff Coal Mining Co. et al., supra.

The quitclaim deed from Elizabeth Kunz and husband to appellee was sufficient proof of title in her, as against appellant's claim.

No substantial error appearing, this cause ought to be and is affirmed, and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.

---

[No. 2464.   Jan. 8, 1921.]

[Rehearing Denied March 2, 1921.]

