Mr. Justice Thimble
 

 delivered the .opinion of the Court;—
 

 This writ of error is prosecuted to reverse a. judgment of the Circuit Court, for the district of Ohio, rendered in -favour of the defendants, in an action of ejectment instituted by the plaintiff in error against-the defendants, in the Court beiow, to recover a tract-of land in Perry county;
 

 On the trial of the general issue, which-was joined between the parties, the "plaintiff gave in evidence a patent from the President of the United States to Jesse Spencer, dated the lííth of November 1811, for the land in controversy: a deed of conveyance for the land, from Jesse Spencer to William Steele, purporting. to bear date the 20th of January 181-8; arid also-a deed from William Steele to Robert-Steele, dated. the-7th of July 1821, prior to the institution of the suit.
 

 It appeared, from a certificate ontthe deed, from Jesse- Spencer to William St.eele, thát it -had been acknowledged, on the day of its date, before a justice of the peace; and it was attested by two subscribing witnesses.
 

 The- deed from Jesse Spencer to Steele, had never been recorded, either iii the county where the land lies, dr elsewhere. Wherever the name of William Steele appeared in the body of the deed, or in the label thereon, it appeared to have been written over an erasure, and with ink of a different colour, as did the words üoss'and
 
 Ohio,
 
 in describing the place of residence of Steele. This was unaccounted for, by any testimony in-the cause.
 

 
 *558
 
 The defendants gave in evidence, a record and decrée of the Supreme Court of the state of Ohio, in a cause in which the heirs of Thomas Spencer and the. defendants in this cause were complainants, and Jesse Spencer, the patentee of the land, was 'defendant.
 

 This decree was rendered by the Supreme Court on the 3d of January 1820, while sitting in Ross, county, having heard ■ the cause in Perry county, where the suit was instituted, and where the land lies; and having held if under a advisement, as is the. practice in Ohio, the. decree was pronounced in the causé at Ross county, and was certified from thence to Perry county, to be there entered on record in. the suit, in the sanie manner as if rendered'while the Supreme'Court was sitting in Perry county; and it was so entered' on record accordingly.
 

 The decree was-also recorded-in the office of the recorder . of deeds,-on the 24th of July 1822, in Perry county.
 

 The decree,
 
 inter alia,
 
 ordered, Jesse Spencer, the patentee of the land, within six months from the date of the decree, to make out a deed with covenants of general warranty, conveying to the complainants in .that cause, and defendants in this, an undivided nine parts out of ten, or nine-tenths; of. the tract of land, in controversy;- and to deposit said deed, duly executed, acknowledged, and attested, with the clerk of the Supreme Court of' the county of Perry, within the said term of six months; and by the clerk to be delivered to the complainants, upon their paying and depositing with , the clerk, within the said term- of six months, certain sums of money, with' interest, as. specified in' the decree; and that, upon the failure of'the said Jesse'Spencer to make out and deposit a' deed, as above directed', within the said term of six months; that then and- in that case, the' complainants shall, hold, possess, and enjoy,' nme-teriths of-the said tract of land in as full and ampié a.manner as if the same were conveyed to them by-the said Jesse'Spencer.”
 

 ' The defendants' paid and deposited- with the clerk the money required by the; decree, -within the six months, and took his receipt for the samé.
 

 It appears by.a bill of exceptions tendered by,the plaintiff’s counsel, that after the evidence was closed, the cpunsel of the-' defendants moved the Court to instruct the jury, 1st, that the decree of the Supreme Court of the state of Ohio, given in evidence by* the defendants, vested in-them such a legal title to the land in question, as would have been vested, by a conveyance from Jésse Spencer of equal date; and that the'Registry Act of Ohio, applies as well to the title of the deféndants, under the said decree, as it would , doj if they held under a
 
 iona fide
 
 -deed, of the same date, from the-patentee:
 

 
 *559
 
 2. Thát if the elder deed be. not recorded within the time specified' by the Registry Act of Ohio, it is wholly void as- to subsequent ixma
 
 fide
 
 purchasers, without notice of the existence of such deed. ...
 

 3d. That if the deed from Jesse Spencer to William'Steele, was altered in a material point after it was sealed, attested; and acknowledged, such alteration' absolutely avoids- the deed; and it can convey no title to the lessor of the plaintiff: which instructions the Court gave, and the plaintiff excepted.
 

 The counsel for the ■ plaintiff, relies on the following points for a reversal of the judgment.
 

 1. The 'Court below erred in charging the jury, that the Registry Act of Ohio applies as well to the title of-the defendants, under the decree set forth in. the bill .of exceptions, .as if they held Under a
 
 bona fide
 
 deed of the same date.
 

 2. That the Court below erred in charging the. jury, that- if the deed from. Jesse Spencer to William.Steele was -altered in a material part, after it was/sealed* attested, and acknowledged ; such .alteration absolutely avoids the deed, and it can pass no title to the lessor of the plaintiff; .
 

 The propriety of the first instruction, given by the Court to the jury, admits not of a doubt. - The statute of Ohio, entitled “an Act directing the mode of proceeding in Chancéry,” declares ‘f That whére a deeree-shall be made for'-a conveyance, release, or acquittance, &c. and the party' against whom the-decree shall pass, shall not comply5therewith- by'the time appointed, then such decree shall be considered and taken in all Courts of law" and equity,’ to •■'have the same operation and. effect, and be as available, as if the conveyance, release, or am quittance, had béen executed conformably to such' decree. ”~
 
 Land Laws for Ohio, p.
 
 .296..
 

 The Registry Act of Ohio directs, that all deeds made-within the state, shall be- recorded “ within six months from the actual time of signing or executing of-such' deeds;” and. declares, that if any such deed .shall not be recorded, in’the county where .the land, lies, within the time allowed by' the Act, “ the same shall be deemed fraudulent against any subsequent
 
 bona fide
 
 purchaser^ for valuable:consideration, without notice of such deed:” .
 

 In the construction of Rég'istry. Acts, the term “ purcbaser5’is usually taken in its technical, legal sense." It means a complete purchaser*' or, in other words,.* purchaser clothed with the legal title. The meaning of the statute is, that-an unre- ' corded deed, shall, after the expiration of the time limited by the statute, be deemed fraudulent and void, as against all ..subsequent purchasers, who may have obtained’ the legal title, for valuable consideration, without notice The case of the de.
 
 *560
 
 fend ants is then-within the terms of the Registry Act. They obtained their decree, and paid the purchase money directed by the decree, without notice; and the decree had obtained, by operation of the statute, - ¿11 the' attributes of a perfect legal title.
 

 The argument for. the plaintiff oh'this branch o';,the case, w.as founded on a' supposition, that, to bring the j defendants’ case within' the terms of- the Registry Act, it must be shown that their ..title has'.been recorded, as a deed, and-their title being not a-deed, but a-decree, it is insisted, they are not within, the tertns pf the statute. This is -a mistake! -The' plaintiff’s deed -ncit being recorded, the. statufé 'avoids-it in terms,, as against all. subsequent purchasers for valuable .consideration, without notice, whether their titles be recorded or, not. If the defendants had-held under a conveyance executed, by Jesse Speiicer, in obedience to. the decree, jtheir title deed, although not' recorded, would; by .the term? of the statute, prevail against the plaintiff’suprior unrecorded deed., A deed no,t be-, ing tecOrded, avoids it asagainst-subsequent, ,but not as against»' prior. purchasers. By the laws of the'-'state of-Ohio;-the decree, obtained by the defendants,.clothes them with the legal title'in as ¿imple a manner' as a deed. They are purchaser^ for valuable consideration, without notice;’-and are therefore not only within the words, but also within the spirit and intention of the statute.'
 

 - This reasoning has been indulged úpon. a súppositión,\that tlie title of the defendants has not been sufficiently .recorded, which .is not admitted. The decree, which is -their title, is of record in/ the Chancery suit in. the proper ..county where the-■land lies,- and it was recorded in- the.-office-Of ■ the Recorder of deeds. ..Whether this last inode of recording the, decree is usually practised in, Ohio of not,, We' are not informed. .But ■we suppose the defendants had dope all they ¿quid doj to commit their title to record in the proper county. ,
 

 The third instruction given by. the Court to the jury, .which forms the second.ground relied op by the plaintiff’s counsel foi-a reversal of the judgment,-, cannot be sustained;,- Although tlie proposition may be-true, that a material erasure or alteration in a deed, after its execution, may avoid the deed, yet,.-the, in- ■ struction ought not to. have been given in the terms .'used .by the Court, Whether erasures and' alterations had. been made. in, the- deed or ncrt, was a question, of fact proper tó be referred „to the jury ;• but whether the erasures and alterations vvere ihaterial, or not, was' a'question .Of law. which ought tó have been decided by the Court. The instruction given .refers the question-,óf materiality to the jury,' as well as. the fact of alteration and erasure.
 

 
 *561
 
 If the name of William Steele was inserted'in the deed as grantee after its full execution .and attestation, instead of the name of some other grantee which was stricken out, no doubt the alteration was very material, .and nothing could in that cáse pass by the deed to William Steele.; The two other alterations, supposed, in the. words “Ross” and “ Ohio^ ” in the description of the grantee’s residence, may have been either material or immaterial, as, upon a sound construction of the whole instrument they would or would not’alter or change its operation and effect.
 

 The Court ought to have decided the; question of materiality in each instance, leaving the fact of alteration ,tb the jury for their decision. The'instruction given, -was calculated to-mislead the jury by impressing on them the belief- that' they were warranted in finding' either of the supposed alterations to be. material, however it may have been in point of law. The construction of deeds-belongs to-the proyince of the Court; the materiality of an alteration in a deed, is a question of construction; and in this case the. Court committed an error by giving, an instruction to the jury, which imposed on them a difficult question of construction, upon .which the jury ought to have been enlightened by the decision óf the Court.
 

 '.The judgment of the Circuit Court must be reversed, and the cause remanded, with instructions to award a
 
 vmire facim tic
 
 novo, .