DANIEL SANBORN and TUNIS C. STRYKER, appellants,

and

WILLIAM M. ADAIR and others, respondents.

1. A deed recorded after fifteen days is notice to purchasers, mort-gagees and judgment creditors subsequent to such record.

2. A deed not recorded in fifteen days is void as to a subsequent deed for a valuable consideration, without notice, and cannot regain its priority by being placed on record before such subsequent deed is recorded.

3. Such subsequent deed cannot lose its priority over the earlier deed by not being put on record, but is, in its turn, if not recorded in fifteen days, subject to be postponed to a later deed taken, without notice, for valuable consideration.

4. The complainants' bill, alleging that the grantee in the deed second in date took his conveyance with an express agreement to assume the payment of the judgment in question, and that allegation not being denied in the defendant's answer, it must. be taken as admitted against him, and the premises conveyed to such grantee held primarily liable for the payment of said judgment.

On appeal from an opinion of the chancellor, reported in *Sanborn v. Adair*, 12 *C. E. Gr.* 425.

*Mr. Clark*, for appellants.

*Mr. Magie*, for respondent Rarick.

VAN SYCKEL, J.

On the 18th day of September, 1868, one Adair recovered a judgment in the Somerset circuit court against James Kinsey and Jacob L. Sutphen. At the time the judgment was rendered Sutphen owned in fee a tract of land lying in Somerset county. On the 20th of February, 1869, Sutphen conveyed to one Hartwell a portion of this tract, by deed of that date, acknowledged March 11th, 1869, and recorded

Sanborn and Stryker *v.* Adair.

April 2d, 1869. By deed dated March 31st, 1869, Sutphen conveyed the remaining portion of said tract of land to one Barcalow, which deed was acknowledged the same day, and recorded May 12th, 1869. Hartwell subsequently conveyed to Sanborn and Stryker, and Barcalow conveyed to Rarick. Execution was issued upon the Adair judgment and levied upon the whole tract, and the question now is, whether the portion sold to Hartwell, or that conveyed to Barcalow, is to be primarily liable for the payment of the judgment. The Hartwell deed was executed before the Barcalow deed, but was not recorded within fifteen days, although it was recorded before the Barcalow deed was recorded.

The registry act of 1799 for deeds was precisely like the act now in force, except that it required a deed to be recorded in six months instead of fifteen days (*Pat.* 399). It provides that every deed or conveyance of lands which should be made or executed on or after the 1st day of January, 1800, should be void and of no effect against a subsequent *bona fide* purchaser or mortgagee for a valuable consideration, not having notice thereof, unless acknowledged or proved and certified as thereby directed, and lodged for record within six months with the clerk of the common pleas of the county.

A doubt having arisen whether a deed, made after the year 1800, could be recorded after the expiration of six months, on the 26th of November, 1801, a supplement was passed which authorized all deeds to be recorded, and provided that every deed or conveyance of lands made and executed on or since the 1st day of January, 1800, and prior to the passing of this act, should be void and of no effect against a subsequent *bona fide* purchaser for a valuable consideration, not having notice thereof, unless recorded within six months after the passing of that act, and also prior to the recording of any other deed or conveyance for the same premises, but that such deed should be valid between the parties.

A second section enacted, that when deeds or conveyances shall be lodged with the clerk, or recorded in his office, after

six months from the execution of the same, such deed or conveyance shall not operate against a *bona fide* purchaser for a valuable consideration, not having notice thereof, whose deed or conveyance for the same lands shall be previously lodged with the said clerk or recorded.

The case of *Den* v. *Richman*, 1 *Gr.* 43, was controlled by the supplement of 1801, and the fourth and fifth resolutions of the court in that case depended upon the peculiar language of that statute. According to those resolutions, a deed not recorded within six months lost its priority over a subsequent deed recorded before it, but maintained its priority over such subsequent deed, provided it was recorded before such subsequent deed was recorded.

The act of 1820 repealed the act of 1801, which clearly supported the resolutions in *Den* v. *Richman*, and re-enacted the act of 1799, substituting fifteen days for six months. This act provides that a deed shall be void and of no effect against a subsequent judgment creditor or *bona fide* purchaser or mortgagee for valuable consideration, not having notice thereof, unless such deed is recorded or lodged for that purpose within fifteen days.

With this history of the legislation on this subject in view, it is apparent that, as our law now stands, a deed not recorded in fifteen days loses its priority over one taken subsequently without notice. The statute fixes the status of the subsequent deed, and establishes its priority; priority cannot be regained by the earlier deed by being recorded before the subsequent deed is recorded. The law says that by failure to have it recorded in fifteen days, it shall be void and of no effect against the subsequent deed or judgment or mortgage, and in that position it must remain. The simple act of omission on the part of the grantee to have it recorded within fifteen days, is declared by the statute to make it void against such subsequent deed, judgment or mortgage. The failure to incorporate the second section of the act of 1801 into the act of 1820, manifests a clear intention to change the rule which permitted the earlier deed to

retain its priority by getting upon record, after the expiration of fifteen days, before the recording of the later deed. In *Coleman* v. *Barklew*, 3 *Dutch.* 357, judgment was recovered after the deed was given, but before it was recorded; the chief justice said, that by the terms of the statute, the deed, not having been recorded within fifteen days from its delivery, was void and of no effect against the lien of the judgment.

Mr. Griffith, in his *Law Register* (vol. 4, p. 1203), says that deeds, if recorded within fifteen days, are not affected by a subsequent conveyance or mortgage or judgment recorded within that time, without stating whether a deed, if not recorded in fifteen days, loses its priority over one subsequently taken for value without notice, and recorded after the first deed is recorded after the expiration of fifteen days. He adds, that a mortgage takes effect against a subsequent purchaser, mortgagee or judgment creditor only by being recorded before the subsequent judgment, deed or mortgage is entered or recorded; as between themselves, mortgages take priority merely by prior registry.

By the terms of the act of June 5th, 1820, a deed not recorded in fifteen days is made absolutely void as to one subsequently taken without notice; the single condition upon which it is to be postponed is a failure to record it in fifteen days, while a mortgage is declared to be void against a subsequent deed, unless it is recorded before the subsequent deed is recorded. Priority of registry maintains priority of lien as to mortgages, but, as to deeds, the rule is different, where the deed is not recorded within the statutory time.

The contrary interpretation would interpolate in the act the words "unless it is recorded before the subsequent deed is recorded." These words, which had been incorporated in the supplement of 1801, were dropped out when the act of 1820 was framed, and it would, therefore, violate every rule of construction to give our statute the same effect as if it still contained them. Cases which go upon the priority

of registry are under registry acts where no time is limited for recording.

The act to register mortgages passed June 7th, 1799 (*Pat.* 402), provided that a mortgage should be void and of no effect against a subsequent mortgagee or purchaser for value, without notice, unless such mortgage should be recorded within thirty days. Under this act, it was held by Chancellor Williamson and Justice Ford, in *Plume* v. *Bone,* 1 *Gr.* 63, that a mortgage might be recorded after the expiration of the thirty days, and that it would have priority over a subsequent mortgage taken after such registry; and in *Den* v. *Roberts,* 1 *South.* 317, where both mortgages were recorded within thirty days, but the later mortgage was first on record, it was held that, by the fifth section of the act of 1799, the instrument first recorded had priority. But no case under the act of 1799 has held that if a mortgage was not recorded within thirty days, and after that time a subsequent mortgage was taken without notice, the first mortgage could retain its priority by being recorded before the subsequent mortgage was recorded.

That such was not understood to be the true interpretation of the act of 1799, respecting mortgages, is manifest from the fact that the thirty-day clause was dropped out, and the act of 1820 passed, expressly providing that priority of registration should govern.

Thus it will be seen that the present act with regard to mortgages is substantially like the second section of the supplement of 1801 respecting deeds, so far as it gives priority of registration controlling effect; and the tenth section of the act of 1799 concerning mortgages, is like the present act in regard to deeds, except as to the limit of time, it being thirty days in the former and fifteen in the latter.

The fact that the express words in the supplement of 1801, concerning deeds, giving priority according to registration, were dropped out of the act of 1820, is conclusive that the legislature intended to change the rule.

Sanborn and Stryker *v.* Adair.

As I construe our existing registry law, the following rules are established:

First—A deed recorded after fifteen days is notice to purchasers, mortgagees and judgment creditors, subsequent to such record.

Second—A deed not recorded in fifteen days is void as to a subsequent deed for a valuable consideration, without notice, and cannot regain its priority by being placed on record before such subsequent deed is recorded.

Third—Such subsequent deed cannot lose its priority over the earlier deed by not being put on record, but is in its turn, if not recorded in fifteen days, subject to be postponed to a later deed taken without notice.

This is the construction given by the court of appeals in *De Courcey* v. *Collins*, 6 C. E. Gr. 357, to similar language in the chattel mortgage act. It was held there that a first chattel mortgage, unregistered, is absolutely void against a second mortgage taken in good faith; and such second mortgage need not be recorded at all, to give it priority over such first mortgage.

The same interpretation has been given by the supreme court of the United States to the registry act of Ohio, which declares that a deed not recorded within six months shall be deemed fraudulent against any subsequent *bona fide* purchaser for value without notice. Justice Trimble, in delivering the opinion of the court in *Steele's lessee* v. *Spencer*, 1 *Pet.* 552, says: "The plaintiff's deed not being recorded, the statute avoids it, in terms, as against all subsequent purchasers for value, without notice, whether their titles be recorded or not. A deed not being recorded avoids it as against subsequent, but not as against prior purchasers."

Under this rule the Barcalow deed would be entitled to priority, if it conveyed the same premises described in the Hartwell deed; and under the settled rule that lands conveyed away by the owner are to be applied to the satisfaction of encumbrances in the inverse order of their alienation, the tract conveyed to Hartwell is primarily liable for the

outstanding judgment. The question remains, whether the fact that the owner conveyed different parcels of the same tract to these two grantees will change the rule.

It is a common maxim that equity follows the law; in dealing with cases of an equitable nature it adopts and follows the analogies furnished by the rules of law. 1 *Story's Eq. Jur.* § 64. When Barcalow accepted his deed the record showed that his grantor still owned the balance of the tract, and he was thus assured that the judgment would be satisfied without resorting to his premises. In *Losey* v. *Simpson,* 3 *Stock.* 249, Chancellor Williamson says that the whole object of the registry act is to protect subsequent purchasers and encumbrancers against previous conveyances which are not recorded. It is obvious, that the spirit of the act will be violated, and the protection it affords very much narrowed, if a purchaser in the situation of Hartwell can, by his failure to put his deed on record, practically defeat a title which occupies a place prior to his own. He should not be permitted to accomplish by indirection, through his own laches, what he could not have done if he had taken a deed for the Barcalow lot. The real question is, Who is bound in equity to pay the debt? It would seem to be clear that equity, following the law, must impose the burden upon the Hartwell tract. Sound policy requires that this view should prevail, otherwise no vendee could possibly tell from the record the real position he was to hold with respect to encumbrances, and the registry act would furnish him a very slender protection.

The views which have been expressed are based upon the assumption that Barcalow was a purchaser for value without notice of the Hartwell deed, and without having taken upon himself any obligation to liquidate the judgment.

On a careful examination of the pleadings and evidence in the cause, it appears that it is neither affirmed nor denied in the bill, answer or evidence taken that Barcalow purchased for a valuable consideration, or without notice of the prior deed. On the contrary, the bill expressly charges that,

at the time of the conveyance by Sutphen to Barcalow, "Barcalow knew of the mortgage of $2,200, and also of the Adair judgment, as complainants are informed and believe to be true; and that they were respectively existing liens upon the said property conveyed to said Barcalow, and he, the said Barcalow, accepted the said conveyance from said Sutphen, with the understanding, agreement and arrangement that the property thus conveyed to said Barcalow should be answerable for the said mortgage, together with the judgment aforesaid, and he, the said Barcalow, assumed the payment thereof."

The sworn answer in the cause does not deny this important averment, and there is no evidence in the case to contradict it. This controlling fact, affirmed in the bill and not denied in the answer, must be taken as confessed against the defendant.

It will thus appear that the case has been tried upon an immaterial issue, and, as it stands upon the pleadings, the decree of the court below must be affirmed.

Decree unanimously affirmed.