ANDERSON D. KING, APPELLEE, v. DAVID F. DE TAR ET AL., APPELLEES: WALTER C. SMITH, INTERVENER, APPELLANT.

FILED JULY 31, 1924. No. 22810.

1. **Appeal:** TRIAL DE NOVO. When a suit in equity is appealed to this court wherein review of some or all of the findings of fact is asked by appellant, it becomes the duty of this court to retry the issues of fact involved in the findings of fact complained of and, upon trial *de novo* of such questions of fact, to reach an independent conclusion under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof. Comp. St. 1922, sec. 9150.

2. **Vendor and Purchaser:** DEEDS: UNAUTHORIZED SUBSTITUTION OF GRANTEE. The unauthorized substitution of a grantee in a deed is such a material alteration as will avoid the deed, and such deed can convey no rights to the grantee whose name has been inserted.

3. ———: ———: ALTERATION: QUESTION FOR COURT. "Whether erasures and alterations in a deed are material, or not, is a question of law. to be decided by the court. The construction of words belongs to the court, and the materiality of an alteration in a deed is a question of construction." *Steele's Lessee v. Spencer*, 1 Pet. (U. S.) *552.

4. ———: ———: PURCHASER FROM SUBSTITUTED GRANTEE. When, after the delivery of a deed for the conveyance of real estate, the name of the grantee is erased and the name of another person is inserted in his place, a purchaser from the substituted grantee acquires no right to the property though such purchaser was innocent of the substitution of the name of the real grantee and had no notice that another name had been substituted in his place.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Reversed, with directions.*

*Lee Basye* and *Stewart, Perry & Stewart,* for appellant.

*Mitchell & Gantz, contra.*

Heard before LETTON, ROSE, DEAN, DAY and GOOD, JJ., BLACKLEDGE and REDICK, District Judges.

DEAN, J.

The petition alleges that Anderson D. King is the owner in fee simple of an 80-acre tract of land, namely, the south half of the northwest quarter of section 31, township 26, range 49, west sixth P. M., in Box Butte county, Nebraska, and that defendants David F. DeTar and Ethel DeTar, his wife, pretending to be owners, executed and delivered to Joshua Palmer a mortgage for $1,200, dated March 26, 1913, recorded March 28, 1913; that Palmer and wife executed and delivered to Walter C. Smith, intervening defendant, a mortgage for $833 on the land in suit, dated March 31, 1917, and recorded May 25, 1920. The foregoing instruments, and others in question here, are shown by an abstract. The petition invokes the court to decree that the mortgages, and also certain other conveyances hereinafter referred to, be declared null and void and canceled of record, and that the cloud thereby alleged to be cast upon the title be removed.

Walter C. Smith, intervener, in an amended answer and cross-petition, alleging ownership as grantee of the Palmers, avers that Anderson D. King never had any right, title or interest in or to the land in question, and that some one erased the name of David F. DeTar, as grantee, from the granting clause of a deed, dated March 25, 1913, wherein Inez Palmer, unmarried, was grantor, and in place of DeTar's name inserted the name of "Anderson D. King" in the granting clause of the deed and caused the deed, so changed, to be filed in the office of the county clerk, and *ex officio* register of deeds, for Box Butte county, Nebraska. The court held the King deed valid and quieted the title

in those claiming under him.   Defendant Smith has appealed.

The beginning point, if not the main point in the case, has to do with the Inez Palmer deed which purports to convey the title to the land in suit to Anderson D. King. The original deed is not in the record, but a typewritten copy appears therein which is certified by the register of deeds for Box Butte county as having been recorded March 19, 1917.  The copy follows:

"Warranty Deed.   Inez Palmer to Anderson D. King. Know all men by these presents:  That Inez Palmer (single) of the County of Lancaster, and State of Nebraska, for and in consideration of the sum of ———— Dollars in hand paid, do hereby grant, bargain, sell, convey and confirm *unto Anderson D. King,* of the County of Lancaster, and State of Nebraska, the following described real estate situated in Sec. 31, T. 26, R. 49, in Box Butte County, and State of Nebraska, to wit:  The south half (½) of the northwest quarter (¼) of section thirty-one (31), town twenty-six (26), Range 49 (49).

"To have and to hold the premises above described, together with all the tenements, hereditaments and appurtenances thereunto belonging, *unto the said David F. De-Tar,* and to his heirs and assigns, forever.

"And I do hereby covenant with the said grantee, and with his heirs and assigns, that I am lawfully seised of said premises; that they are free from incumbrance, that I have good right and lawful authority to sell the same; and I do hereby covenant to warrant and defend the title to said premises against the lawful claims of all persons whomsoever.  And the said ———— hereby relinquishes all ———— in and to the above described premises.  Signed this 25th day of March, A. D. 1913.  Inez Palmer.  In presence of Geo. M. Gates."

In respect of material recitals contained in the deed, when it was executed by Inez Palmer, as grantor, three witnesses testified on the part of Smith, namely, Inez Palm-

er, now Mrs. Inez Olson, David F. DeTar, and Joshua Palmer.

Mrs. Inez Olson testified that she never saw nor heard of Anderson D. King until about the time the case was tried; that David F. DeTar was the grantee named in the deed, and that she never authorized the erasure of De-Tar's name and the insertion of King's name in DeTar's place as grantee; that the land was owned at the time by her father, and she, at his request, executed the deed.

David F. DeTar testified that he bought the land from Joshua Palmer in 1913, and that to secure the purchase price he executed a mortgage for $1,200 in favor of Palmer; that Inez Palmer was grantor and that he was the grantee named in the deed; that he never authorized any person to erase his name and insert therein the name of King or any other person as grantee; that he did not record the deed because he thought the land was of small value; that in April or May, 1914, he conveyed the land in suit by quitclaim deed to a man named Hale, in consideration of Hale assuming payment of the Palmer mortgage; that Hale never recorded his deed nor paid the Palmer mortgage, and that he, DeTar, afterward gave a quitclaim deed to Joshua Palmer in consideration of being released from payment of the $1,200 purchase price mortgage debt.

Joshua Palmer is Inez Olson's father. He corroborated her evidence and that of Mr. DeTar in every essential particular in respect of the material facts which attended the execution of the DeTar deed, and testified that he never heard of King nor received any consideration from him or any person in his behalf for the land, and further testified that he assigned the $1,200 note and mortgage to Walter C. Smith and executed and delivered to him an $833 note secured by mortgage on the land.

Walter C. Smith testified that Palmer and wife executed and delivered to him a quitclaim deed to the land in suit in satisfaction of both the DeTar $1,200 mortgage, formerly assigned to him by Palmer, and the $833 note and

mortgage executed and delivered to him by Palmer and wife; that he had no knowledge of King claiming any interest in the land nor of any person claiming any interest under him until about a year after he obtained the quitclaim deed from Palmer, and that he then tried, but unsuccessfully, to locate King.

Mr. Allie H. Mabin, in whose name the title was quieted, testified that he bought the land from Frank I. Olson. The Olson deed is dated January 23, 1920, and the consideration named is "$1 and exchange of properties." Mr. Mabin testified, however, that he paid $1,600 in cash for it and did not know why the expression "exchange of properties" was written in the deed, because no property was exchanged in the transaction. In respect of the King deed he testified that he did not know that any one claimed that the deed was "made to a man by the name of DeTar and somebody had erased the name of DeTar and inserted the name of Anderson D. King."

Frank I. Olson, Mabin's grantor, is a resident of Grand Island. He testified that Anderson D. King was an Oklahoma Indian, and that King told him he bought the land from a man named Hale; that he paid King $1,600 for the land, the deed being dated May 11, 1917, recorded February 2, 1920; that King told him "there was a mortgage of record against this land given by one DeTar, but he said that had been investigated and there was nothing to it, and he would quiet the title. So the deed was withheld from record." To avoid confusion in tracing the title, it may here be observed that Inez Palmer, now Inez Olson, is not the wife of Frank I. Olson.

By the decree the court canceled and held for naught all instruments referred to in the record which adversely affected the title of Allie H. Mabin to the land in suit and forever quieted and confirmed the title thereto in him.

This being an equity case, we have examined the record *de novo*, and we conclude that the court erred and that the judgment must be reversed. *Miller v. Baker, ante,* p. 375, and cases there cited. There is no conflict in

the evidence of Inez Olson, David F. DeTar and Joshua Palmer in respect of the fact that David F. DeTar was the sole grantee named in the deed executed by Inez Palmer.

From a review of all the evidence it seems clear to us that the deed from Inez Palmer to DeTar was fraudulently altered in a material respect and as such it became void, and no person, not even a *bona fide* purchaser, could take anything by such deed. 1 R. C. L. 1002, sec. 33. The unauthorized substitution of a grantee in a deed is such a material alteration as will avoid the deed, and such deed can convey no rights to the grantee whose name has been inserted. "Whether erasures and alterations in a deed are material, or not, is a question of law, to be decided by the court. The construction of words belongs to the court, and the materiality of an alteration in a deed is a question of construction." *Steele's Lessee v. Spencer,* 1 Pet. (U. S.) *552. *Dorsey v. Conrad,* 49 Neb. 443. In the *Steele* case, in the body of the opinion, the court observed: "If the name of William Steele was inserted in the deed as grantee, after its full execution and attestation, instead of the name of some other grantee, which was stricken out, no doubt the alteration was very material, and nothing could in that case pass by the deed to William Steele."

In a comparatively recent case it was held that a deed in which the name of the grantee was altered after delivery is a material alteration, and that a deed so altered is void as a forgery, and that purchasers from the grantee named after the forgery aquire no right to the property, though they were innocent of the forgery and had no notice thereof. *Lowther Oil & Gas Co. v. McGuire,* 189 Ky. 681.

It appears to us that the unreleased mortgage in the sum of $1,200 from DeTar to Joshua Palmer dated March 26, 1913, and recorded March 28, 1913, was clearly sufficient to put a reasonably prudent person on inquiry in respect to the condition of the title, not to mention the obviously discordant recitals in the instrument purporting to be a deed from Inez Palmer to Anderson D. King, where-

in the granting clause, as shown herein by the copy of the deed, contains the name of *King*, as grantee, and the habendum clause of the same deed contains the name of *De-Tar*. Of this conveyance in the abstract it is said: "Instrument recites 'conveys unto Anderson D. King' and further along also recites 'unto the said David F. DeTar.'" The abstract further shows that Inez Palmer acquired title January 16, 1913, her deed being recorded March 15, 1913.

At the trial it was shown that Mr. Mabin was the owner of almost 1,000 acres of land in Box Butte county, and it seems that a man who had acquired an estate of such magnitude was sufficiently familiar with the recording acts of the state to know, or upon even casual inquiry should have discovered, that the recorded presence of an unreleased mortgage in the chain of title to real estate was a circumstance which was sufficient to put him upon inquiry in respect of title. And the same observation may be applied to the recitals in the conveyance dated March 25, 1913, to which he traces title.

We have examined the authorities submitted to us by counsel for plaintiff, but they do not seem to be in point. The great weight of authority supports the rule which we have adopted and which we have applied to the facts.

The judgment of the district court is reversed and the cause remanded, with directions that title to the land in suit be quieted in the answering intervener, Walter C. Smith.

REVERSED, WITH DIRECTIONS.

Note—See Alteration of Instruments, 2 C. J. secs. 75, 217; Deeds, 18 C. J. sec. 232—Vendor and Purchaser, 39 Cyc. p. 1691.