## McINTYRE v. ANDREWS et al.

(Circuit Court of Appeals, Seventh Circuit. March 21, 1927.)

No. 3717.

**1. Alteration of instruments ⬤⟿30—Materiality of vendor's alterations in land contract held question of law.**

Materiality of alterations in land contract by vendor, after contract was signed by purchaser, *held* question of law.

**2. Vendor and purchaser ⬤⟿77—Agreement to give mortgage implies agreement that it shall contain reasonable provisions for mortgagee's security.**

Express agreement in land contract to give a mortgage carries an implied agreement that mortgage shall contain fair and reasonable provisions for security of holder of indebtedness.

**3. Vendor and purchaser ⬤⟿80—Evidence of usual provisions for mortgage in land contract is evidence that provisions are reasonable.**

Evidence of practice in county where land is located, and of usual and ordinary provisions in mortgages used there, is evidence that such provisions are fair and reasonable.

**4. Alteration of instruments ⬤⟿5(1)—Vendor's alteration of terms of land contract, substantially complying with local practice, is immaterial.**

If alteration relating to terms of purchase-money mortgage made by vendor in land contract, after purchaser had signed contract, is in substance the provision prescribed by the practice and usage in the county where land is located, alteration would not be material.

**5. Alteration of instruments ⬤⟿5(1)—As respects materiality of change in land contract mortgage provisions that debt shall become due on interest default held not legally different.**

Mortgage provision that indebtedness shall become due after default in payment of interest at option of holder of note is not legally different from provision that debt shall become due 30 days after default in making payment of interest, since only effect in either case is to give holder right to act, and, until he does act, time of payment is not accelerated.

**6. Alteration of instruments ⬤⟿5(1)—As respects materiality of change in land contract, that acceleration clause appears in note and mortgage held immaterial.**

As respects materiality of alteration made by vendor in land contract after purchaser had signed, provision of contract that clause making debt due 30 days after default in payment of interest should be in both note and mortgage did not vest any greater rights in holder of note than if clause had been only in mortgage, since, if holder proceeded in equity to foreclose, he could get a deficiency decree if the security did not pay in full.

17 F.(2d)—55

**7. Alteration of Instruments ⬤⟿5(1)—Vendor's insertion of date and word "first" before "mortgage" in land contract, and changing word "city" to "borough," held immaterial.**

Vendor's insertion of date in land contract, in blank space provided therefor, after purchaser had signed it, and his changing of word "city" to "borough," and insertion of word "first" before "mortgage," *held* immaterial alterations; leaving of blank space for date being invitation to fill it in, and mortgage being a purchase-money mortgage.

In Error to the District Court of the United States for the Northern Division of the Southern District of Illinois.

Action by Ellen Hale Andrews and another against Patrick McIntyre. Judgment for plaintiffs, and defendant brings error. Affirmed.

S. F. McGrath, of Peoria, Ill., for plaintiff in error.

Wm. G. McRoberts, of Peoria, Ill., for defendants in error.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Defendants in error, plaintiffs, first parties to a written contract, sued plaintiff in error, defendant, one of second parties in that contract, charging breach thereof.

The sole defense is that, after defendant and another had signed the contract and sent it to plaintiffs, plaintiffs made material changes on the face thereof, which were never approved by defendant.

The material parts of the contract read:

"Articles of agreement, made and entered into this ——— day of December, A. D. 1920, by and between Ellen Hale Andrews and George Murray Andrews, her husband, of the city of Bellefonte and county of Center and state of Pennsylvania, parties of the first part, and Frank McIntyre and Patrick McIntyre, of the county of Peoria and state of Illinois, parties of the second part, witnesseth."

The changes here consisted in writing the figures "16th" in the blank in the second line, and substituting the word "borough" for "city" in the fifth line.

The other changes in the contract are by insertions as appears in the underscored portions of the following:

"* * * The balance of the purchase price to be evidenced by a promissory note, due five (5) years after date with interest at the rate of 5½ per cent. per annum, payable annually, said note to be secured by *first* mortgage on said undivided one-half interest, or upon real estate situated in the county

of Peoria of equal value; *said note and mortgage to contain a provision rendering the said entire indebtedness due and collectible upon and after thirty days default in payment of any of said installments of interest;* said deed from the parties of the first part to the parties of the second part to be delivered immediately upon entry of a decree confirming title to the undivided one-half interest in said parties of the first part, or either of them. In the event, however, that no decree is filed confirming said title in the said parties of the first part, or either of them, then this contract shall be null and void and of no effect whatever."

We are of opinion that on authority of Orsinger v. Consolidated Flour Mills Co. (C. C. A.) 284 F. 224, defendant's motion to strike plaintiffs' affidavit of claim was properly denied. Whether the error of the court, if there was one, in striking defendant's affidavit of meritorious defense from the files, is material, must depend upon whether there are in the record uncontradicted facts on which the judgment awarded plaintiffs must be sustained, as a matter of law.

The contract signed by defendant was sent to plaintiffs, who made upon its face the changes shown above. Plaintiffs then signed and returned the contract to defendant at Peoria, through one Henry Mansfield, an attorney residing there. After Mansfield delivered the contract, he wrote plaintiffs that defendant found no objection to it, and also said: "Our form of mortgage covers the matter, and, upon default in the payment of interest when due, gives mortgagee right to elect to declare whole debt due." Those matters are all shown by the declaration and the affidavit of claim.

Plaintiffs contend that the contract as changed was approved by defendant. That claim was controverted by defendant's affidavit of meritorious defense, stricken from the files.

Plaintiffs' contention, further, is that, along with the express agreement to give a mortgage, went the implied agreement to write into the mortgage the substance of the alterations as made. In other words, as a matter of law, defendant would have been required to write those matters into the mortgage, and therefore the changes were immaterial.

While defendant, in his affidavit, denied that Mansfield was his attorney, he did not deny the correctness of Mansfield's advice to plaintiffs about the provisions contained in the Peoria county form of mortgages, supra. On the contrary, with commendable frankness, he has admitted, both in written and oral argument, that:

"Our form of real estate mortgage, in use in Peoria county, as furnished us by the county recorder, has the following provision therein: 'Then the whole of said indebtedness shall, at the option of the mortgagee, his heirs or assigns, or any holder of said note, or either of them, become due and payable.'"

The admission was fairly made, as it could be readily shown, and its influence in the case can be as well considered now as upon a retrial. The record shows the practice and the usual and ordinary provisions in mortgages in Peoria county, where the land was located and where the mortgage was to have been given.

[1-3] With the facts before us, the materiality of the alterations is a question of law. Williston on Contracts, § 1908; Steele v. Spencer, 26 U. S. (1 Pet.) 552, 7 L. Ed. 259; Milliken v. Marlin, 66 Ill. 13. We are of opinion that there does go with the express agreement to give a mortgage an implied agreement that it shall contain fair and reasonable provisions for the security of the holder of the indebtedness, and that evidence of the practice in Peoria county and of the usual and ordinary provisions in mortgages used there would be evidence that they are fair and reasonable.

[4] If, then, that which was written into the agreement was, in substance, the practice and usage in Peoria county, it would not be a material change.

[5] But it is urged that the provision of the recorder's form, whereby the indebtedness became due after default in payment of interest, at the option of the holder of the note, is legally different from the provision, in the acceleration clause, that the debt should become due 30 days after default.

The purpose of these clauses is to accelerate the day of maturity, and their effect is considered in 3 Williston on Contracts, p. 3428, par. 2025, where the conclusion is:

"It seems, however, a fairer construction of such a provision, obviously intended as it is solely for the advantage and security of the creditor, to hold that the acceleration of maturity does not occur unless the creditor so elects, even though, in terms, the provision is absolute."

This conclusion is supported by many authorities there cited, among which are Moline Plow Co. v. Webb, 141 U. S. 616, 12 S. Ct. 100, 35 L. Ed. 879; Richardson v. Warner (C. C.) 28 F. 343; Watts v. Hoffman, 77 Ill. App. 411. The only effect of either clause is to give the right to the holder of the note

to act, and, until he does act, the time of payment is not accelerated.

[6] Nor do we see any different consequences or greater rights vested in the holder of the notes by the provision that it should be in both note and mortgage. If the holder proceeded in equity to foreclose, he could get a deficiency decree if the security did not pay in full. In Curran v. Houston, 201 Ill. 442, 445, 66 N. E. 228, 229, it is said that such clauses are not objectionable "as being in the nature of a penalty or forfeiture, but will be sustained in equity as well as at law." In that case, a foreclosure, the provision was in the mortgage and not the note. It is possible that the statement that the provision would be sustained at law was not necessary to the determination of that case, but there is no reason, where there is a valid contract, accelerating the date of payment, why the action may not be at law as well as in equity. One of the authorities referred to in the Illinois case above cited is Jones on Mortgages, which says (section 76):

"It is not essential that the interest clause, or option clause, as it is sometimes called, should be contained in the note or bond as well as the mortgage, to make it effectual, inasmuch as both instruments are to be construed together."

[7] The leaving of the blank for the date was an invitation to fill in that blank. The change of the word "city" to "borough" was of no consequence whatever, and could not have affected the rights between the parties one way or another. The writing of the word "first" before "mortgage," where the mortgage was to have been given to secure the deferred payment of purchase money, we are of opinion is wholly immaterial. Under the circumstances shown in the record, there can be little doubt that it was the fair intention of both parties that there should be a first mortgage and that the law would not require anything else. Defendant really makes no serious contention as to the importance of these three changes.

The judgment is affirmed.