[No. 3198. July 2, 1929.]

VOSBURG v. CARTER.

[279 Pac. 563.]

See, also, 262 P. 175.

Harold Hurd, of Roswell, for plaintiff in error.

L. O. Fullen, of Roswell, for defendant in error.

## OPINION OF THE COURT

CATRON, J.    F. E. Vosburg brought suit against Powhatan Carter in the district court of Lea county, N. M., to quiet title to certain lands.  Carter answered the complaint denying plaintiff's title, pleaded title in himself, and prayed for affirmative relief.  Upon such issues trial was had and judgment rendered quieting Carter's title. Vosburg brings this case to this court by writ of error.

The material facts are:  In February, 1925, the Liberty National Bank of Kansas City, Mo., the then owner of the lands here in litigation, opened negotiations with Carter, for the sale of said lands for $800.  In the month of October, 1925, at Carter's suggestion, the Liberty National Bank executed and acknowledged a warranty deed for the premises, leaving the name of the grantee blank, and sent same to Carter as agent with ample authority to insert the name of grantee.  This was done to enable immediate delivery of title and avoid delay in case of sale for the agreed purchase price of $800. On February 12, 1926, the Liberty National Bank wrote Carter for information as to the probability of soon closing a deal on the lands in question.  On February 22, 1926, Carter caused his name to be inserted in the warranty deed as grantee and filed same for record the same day and within a few days mailed a check to the Liberty National Bank for $800, the agreed purchase price, which check was duly received and retained by the bank.

On February 20, 1926, Chas. McDonald negotiated with the Liberty National Bank by telegram for the purchase of the same premises, which resulted in the Liberty National Bank executing and acknowledging a warranty deed to F. E. Vosburg for said lands, on February 24, 1926, and mailed same to McDonald for delivery upon collection of the agreed purchase price of $800.  This deed was delivered to Vosburg during the afternoon of February

26, 1926, and the same day he paid the purchase price by check for $800 payable to the Liberty National Bank. This check was held by the bank until April 29, 1926, when it was cleared. This last deed was filed for record March 5, 1926.

Prior to the delivery by McDonald to Vosburg of the deed in question, P. W. Goebel, president of the Liberty National Bank, wired McDonald as follows:

"Western Union Telegram

"Received at                              1.02 P. M.
                                         Kansas City, Mo.
                                         2/26/26

"Chas. McDonald,
"Lovington, N. M.

"Carter wrote October 1st last he had probable buyer on strength of which we sent deed in blank never heard from it since and entirely overlooked this deed when priced this land to you taking matters up with Carter in meantime do not deliver deed sent you will protect you in your commission.

"P. W. Goebel."

This wire, however, did not reach McDonald until after the delivery of the deed to Vosburg.

The Liberty National Bank has in no manner questioned the Carter deed, but, on the contrary, in letters introduced in evidence, recognized said deed as binding upon it.

Although many errors have been assigned and arguments have covered a broad field, yet, under the view we take, two questions are decisive of this case. They are presented by the first finding of fact made by the court, which is:

"That by virtue of correspondence passing between defendant and the Liberty National Bank of Kansas City, Missouri, said Liberty National Bank being the common grantor of plaintiff and defendant, very broad and complete authority was vested in defendant to handle and dispose of in any manner he might see fit, subject only to the one condition of procuring for the bank the sum of $2.50 per acre, the land involved in this suit, being a total of $800.00, and that complete authority was vested in the defendant to insert or have inserted as grantee in the deed executed by the bank and delivered to defendant, the name of any person whom defendant might see fit."

No specific objection was made by the plaintiff to the foregoing finding, but plaintiff did request findings of fact diametrically opposite thereto. By this method appellant has sufficiently preserved his record so as to present to this court the questions involving the correctness of the trial court's first finding.

If the foregoing finding be supported by substantial evidence and in turn legally supports the judgment, then the trial court rendered the only judgment possible and all other questions presented by this appeal become immaterial.

Testing the foregoing finding as a question of fact, we find from an examination of the evidence that it is unquestionably supported by substantial evidence, and under the well-established rule of this court we will not further review it.

It remains to determine whether the finding in turn legally supports the judgment. The question so presented for our consideration may be thus stated: Did the deed from the Liberty National Bank of Kansas City, Mo., to Powhatan Carter ever become operative?

It is well established that an instrument purporting to be a deed and in which a blank has been left for the name of the grantee is no deed, and is inoperative as a conveyance *so long as the blank remains unfilled.*

In the case of Jones v. Rocky Cliff Coal Mining Co., 27 N. M. 41-45, 198 P. 284, this court held that until some name was inserted as grantee in a deed it was ineffective as a conveyance. For additional authorities, see Board of Education of the City of Minneapolis v. Lucius A. Hughes, 118 Min. 404, 136 N. W. 1095, 41 L. R. A. (N. S.) 637; Gilmore v. Shearer, note 1, 32 A. L. R. 737.

It is equally well established that a deed executed in blank as to grantee may be valid and effective as a conveyance if the blank is filled in by the grantor, or his agent, in accordance with instructions or authority.

The cases supporting the foregoing rule are so numerous that it would be useless to discuss or extensively cite

them. One of the leading cases, however, which is very similar to the case at bar, is that of the Board of Education of the City of Minneapolis v. Lucius A. Hughes, supra. For additional authorities, see Gilmore v. Shearer, subdivision B, note 3, 32 A. L. R. 742; 18 C. J. Title, Deeds, § 57 and notes; 8 R. C. L. Title, Deeds, § 31 and notes; 1 Devlin on Real Estate (3d Ed.) § 457 and notes.

Indeed, in the case of Jones v. Rocky Cliff Coal Mining Co., supra, this court recognized the correctness of the rule last above stated, and in a subsequent decision, a companion case bearing the same title, 27 N. M. 50, 198 P. 287, this court further held that one claiming title to real estate under a deed ineffectual as a conveyance because executed with the name of the grantee in blank, but whose name was later inserted as grantee, is burdened with the proof of explaining and justifying such change in the instrument to give it validity as a conveyance.

In the case at bar, the trial court upon undisputed evidence found as heretofore pointed out:

"* * * That complete authority was vested in the defendant to insert or have inserted as grantee in the deed executed by the bank and delivered to defendant, the name of any person whom defendant might see fit."

This clearly brings the deed within the rule last noted, and when the blank was filled in with the name of Powhatan Carter as grantee on February 22, 1926, the deed became effective and operative as a conveyance.

Under such condition, the most that could be urged against the deed is that it was voidable. Assuming, without deciding, that the deed was voidable, in order to avoid it some one having that right must restore the consideration. This was not done.

The result is that appellee holds under an effective conveyance prior in execution and record to appellant's, and so must prevail.

Having reached this conclusion, all other questions raised by the appellant become immaterial to the disposition of this case, and we shall therefore not consider them.

Finding no reversible error, the judgment of the trial court will be affirmed, and it is so ordered.

WATSON and SIMMS, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.