**72 P.(2d) 606**

**SCHEER v. STOLZ et al.**

**ATLER v. SAME.**

**No. 4236.**

Supreme Court of New Mexico.

Sept. 28, 1937.

J. S. Vaught, of Albuquerque, for appellant.

Robert Hoath La Follette, of Albuquerque, for appellees.

BRICE, Justice.

These cases were consolidated for trial in the district court. Separate judgments were entered, though the whole proceedings are in effect one case and should have been determined in Atler v. Stolz et al., which we will consider first.

On July 2, 1932, the appellee recovered judgment against Victor Stolz (a party hereto in the district court) for the sum of $698.33 in the district court of Bernalillo county, the transcript of which was filed of record on the 21st day of December, 1932, in the office of the county clerk of Valencia county, in which county the land hereinafter mentioned is located. After obtaining that judgment, the present action was brought by appellee against appellant and others to foreclose that judgment lien against lands belonging to Stolz, the record title to which was in appellant.

The appellant answered, claiming title to the land in question by virtue of a warranty deed executed by Edward E. Enderlin and wife before appellee had obtained her judgment lien against the lands. In Scheer v. Stolz, appellant alleged that such deed was intended as a mortgage to secure an indebtedness of more than $7,000 due him by Stolz. The companion case of Scheer v. Stolz et al. was brought to foreclose such mortgage.

A decree was entered in the district court, foreclosing appellee's judgment lien securing the sum of $1,001.89; holding such lien superior to appellant's mortgage, which was in form a warranty deed from Enderlin and wife, in which appellant's name was inserted as grantee by Stolz, the owner of the land; and superior to any right or interest of any of the defendants (including appellant) in the land. The judgment lien was foreclosed and the property ordered sold at a special master's sale, and proceeds of sale applied to the payment of appellee's judgment.

Scheer alone has appealed from such decree.

In the case of Scheer v. Stolz et al., the court entered a decree holding appellee's judgment lien superior to appellant's mortgage; decreeing the foreclosure of both and directing that appellee's debt be first paid out of the proceeds of such sale, and the balance, to the extent of the amount due appellant, applied to the payment of his mortgage debt.

Exceptions were taken by appellant to the findings of fact and conclusions of law

made by the court, and to the refusal of the court to make certain requested findings and conclusions, and assignments of error properly based thereon were filed; but no point is made by appellant that the findings of fact, made by the court or any of them, are not supported by substantial evidence. These findings, therefore, must stand as the facts in the case, and from them we deduce the following material to a determination of the questions presented:

Prior to the 19th day of May, 1927, appellee owned in fee simple certain real estate in Valencia county, N. Mex., and on that date sold it to one Stolz, a party defendant in the district court, receiving certain promissory notes as a part of the consideration. Appellee joined by her husband, on May 29, 1927, executed and delivered to Stolz a warranty deed, intending thereby to convey to him said real estate. Stolz fraudulently altered said deed, by inserting the name of Edward E. Enderlin as the grantee therein, for the purpose of hindering, delaying, and defrauding the creditors of Stolz, including the appellee; after which the deed was duly recorded. Enderlin paid no consideration for said deed nor for the property thereby conveyed, of which Stolz is the owner. Thereafter, Stolz prepared a warranty deed in which Enderlin and wife were grantors, but the name of the grantee was left blank, which Enderlin and wife executed with the purpose of conveying said property to Stolz, and with the belief that his name appeared as grantee therein. They gave no authority to Stolz to insert the name of any other person in said deed.

Stolz, for the purpose of hindering, delaying, and defrauding his creditors, including appellee, inserted the name of appellant as grantee in said deed many months after its execution, of which appellant then and there had knowledge. Said deed was in fact a mortgage made to secure a promissory note of said Stolz in the sum of $5,000. At a subsequent date an additional promissory note of $2,000 was made by Stolz, and by written agreement it was provided that it should likewise be secured by said warranty deed. In July 1932, appellee Atler recovered a judgment in the district court of Bernalillo county against Stolz on the promissory notes she had taken as part consideration for the land she sold him in 1927, which (including interest, costs and attorney's fees) amounted to $761.05. A transcript of that judgment was filed in the office of the county clerk of Valencia county on the 21st day of December, 1932, on which there was due $1,001.89, and thereupon became an effective lien against all real estate owned by Stolz in Valencia county.

"Any money judgment rendered in the supreme or district court shall be docketed by the clerk of the court in a book kept for the purpose, and shall be a lien on the real estate of the judgment debtor from the date of the filing of a transcript of the docket of such judgment in such book in the office of the county clerk of the county in which such real estate is situate." Section 76-110, 1929 Comp.St.

The question then is, Did Stolz own the property in suit at that time? Appellees did

not learn of the change in the names of grantees in their deed to Stolz until February, 1933.

The court found that the deed from Enderlin to Stolz, in which the name of appellant was substituted as grantee, was made with the intention of deeding to Stolz; and that, without the consent of the grantors and many months after the making of the deed, appellant's name was substituted by Stolz for his name, without Enderlin's knowledge or consent. The court also found that Stolz was the equitable owner of the property. It may be assumed that this was based upon his purchase from appellee and deed from her which the court found had been altered by writing Enderlin's name in as grantee.

■ It has been held by this court that a deed in which the grantee's name is left blank is effective as a conveyance if and when the blank is filled in by the grantor or his authorized agent. Vosburg v. Carter, 34 N.M. 194, 279 P. 563; Jones v. Rocky Cliff Coal Mining Co., 27 N.M. 41, 198 P. 284.

■ It is the general rule that a deed executed with the grantee's name in blank can only be vitalized by the grantor, or some person authorized by him, writing in the grantee's name; and the writing of an unauthorized name as grantee is a material alteration and avoids the deed. 2 C.J. Title "Alterations of Instruments," § 75.

"If the name of William Steele was inserted in the deed as grantee, after its full execution and attestation, instead of the name of some other grantee, which was stricken out, no doubt, the alteration was very material, and nothing could in that case pass by the deed to William Steele." Steele's Lessee v. Spencer, 1 Pet. 552, 7 L. Ed. 259, 262.

See annotation in 32 A.L.R. 742 and 75 A. L.R. 1108; King v. De Tar et al., 112 Neb. 535, 199 N.W. 847; Pasedach et al. v. Auw et al., 364 Ill. 491, 4 N.E.(2d) 841; Sanders v. Kirk, 140 Okl. 26, 282 P. 145; Delaney v. Light (Mo.Sup.) 263 S.W. 813; Stover v. Snow, 315 Mo. 1046, 287 S.W. 1042; Thummel v. Holden, 149 Mo. 677, 51 S.W. 404.

■ The court found that appellant had knowledge of the alteration of the warranty deed by Stolz, who wrote his name in as grantee to defraud his creditors, so that appellant was not misled by it. If all parties had agreed to this change it would have been effective (see above authorities and Abbott v. Abbott, 189 Ill. 488, 59 N.E. 958, 82 Am.St.Rep. 470); but the change was made by Stolz with appellant's knowledge, and without the knowledge or consent of the Enderlins, long after its execution by them. By this change Enderlin and wife were caused to convey and warrant the title of the land to appellant. No such contract could be made for them. The deed was void (see authorities cited above and Goodwin v. Norton, 92 Me. 532, 43 A. 111) at least as to all persons except appellant and Stolz, and as to that we need not decide; but see Walsh v. Hunt, 120 Cal. 46, 52 P. 115, 39 L.R.A. 697.

■ Appellant cites the recording acts and contends that as the court foreclosed

his mortgage it necessarily follows that the mortgage was found to be valid, and therefore its record was notice to appellee. But this mortgage (if it was a mortgage) was not acknowledged, and therefore was not subject to record, and gave no constructive notice to any one. The original acknowledgement applied to a different instrument. Citizens' Bank of Moultrie et al. v. Taylor et al., 169 Ga. 203, 149 S.E. 861, 67 A.L.R. 355, and annotations in 67 A.L.R. beginning at page 364.

The court found that the change in the deed executed by Enderlin and wife was to defraud the creditors of Stolz, and "that the plaintiff Gaudalupe Atler did not discover the fraud of Victor Stolz until during the month of February, 1933." This was after her lien was recorded in Valencia county, which was on December 21, 1932. The finding we have quoted had reference to the change in the two deeds by the insertion of substitute names as grantees. Appellee's lien was on record in Valencia county before she knew of the changes in the deeds, even assuming that the mortgage in question was valid as to third parties, or at all. 1929 St. § 118-110; Fulghum v. Madrid et al., 33 N. M. 303, 265 P. 454. In any event, appellee's lien is superior to appellant's claim under the altered warranty deed.

The decree of the district court in each case will be affirmed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.