513 P.2d 190

Marvin E. **ROBINSON**, Plaintiff-Appellee,

v.

Roseanne **BASCOM**, Defendant-Appellant.

No. 1116.

Court of Appeals of New Mexico.

July 25, 1973.

· Marchiondo & Berry, P. A., Mary C. Walters, Albuquerque, for defendant-appellant.

Robert M. St. John, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Plaintiff filed a claim for relief in Bernalillo County to set aside a deed purportedly conveying real estate from plaintiff to defendant. The case was tried to the court ·and a judgment in favor of plaintiff entered setting aside the deed and declaring it void. Defendant appeals. We affirm.

The trial court made 38 findings of fact and 12 conclusions of law. In the statement of proceedings, the defendant did not set forth "a concise, chronological summary of such findings as are material to the review with appropriate references to the transcript." Section 21–2–1(15)(16)(b), N.M.S.A.1953 (Repl.Vol. 4). Defendant

only challenged findings No. 9 and 20, and conclusions No. 1, 2 and 3. Defendant did not copy in her brief, at any place, the findings of fact made by the trial court or those challenged. Neither did defendant, at any place in her brief, attempt to copy or summarize the facts as found by the trial court. This cannot be condoned. Petty v. Williams, 71 N.M. 338, 378 P.2d 376 (1963); Trujillo v. Tanuz, 85 N.M. 35, 508 P.2d 1332 (Ct.App.1973).

Findings challenged are:

9. The plaintiff made no delivery of any deeds to his home on September 11, 1968, or at any other time prior to leaving for Australia.

* * * * * *

20. The completion of the deed on January 2, 1969, conveying the plaintiff's home to defendant was not authorized by the plaintiff; and plaintiff was not informed in January, 1969 that the deed was completed.

Conclusions challenged are:

1. The plaintiff never signed a memorandum with respect to the sale or conveyance of his home to the defendant.

2. No valid or enforceable contract existed for the sale and conveyance of the plaintiff's home to the defendant.

3. The completion of a deed by the defendant to convey to herself the plaintiff's home was without consideration, was not done to further any contract between the parties, *and was improper under the Statute of Frauds.* [Emphasis added]

Defendant contends the findings above are not supported by the evidence. However, the trial court did find that the transactions entered into between plaintiff and defendant, together with executed documents relating to his home, were to enable defendant to manage plaintiff's property while he was in Australia; that the documents were not completed and were entrusted to defendant; that the parties discussed the possibility that defendant would purchase plaintiff's home if it were not sold pursuant to the real estate listing, and the parties did not execute any memorandum or agreement evidencing a contract of sale; that on January 2, 1969, defendant caused the warranty deed executed in blank by plaintiff to be completed to make a conveyance of plaintiff's home to the defendant, and caused an acknowledgment to be completed, signed and sealed; that on August 19, 1969, defendant recorded the deed, and plaintiff first learned of completion and recordation of the warranty deed in November or December, 1969.

The above findings were not challenged. They are sufficient to sustain the challenged findings. Defendant's only authority was to manage plaintiff's property while he was in Australia. Defendant's concealment of the fact that the blank deed had been completed, acknowledged, and recorded, without any authority to do so, effectively concludes her challenge to the findings made. A deed executed in blank is not valid unless the blank spaces are filled in by the grantor or his agent in accordance with instructions or authority. Vosburg v. Carter, 34 N.M. 194, 197, 279 P. 563 (1929); Scheer v. Stolz, 41 N.M. 585, 588, 72 P.2d 606 (1937).

The statute of frauds is not applicable in this case. After opening statements were made, defendant admitted that her defense was not involved with any oral or written agreement between plaintiff and defendant over the sale of plaintiff's home to defendant. She only relied on an alleged statement that, in the attorney's office, the parties met and a deed was delivered.

Defendant contends the trial court erred in determining that the transaction was within the statute of frauds. The trial court did not make this determination.

In its conclusion No. 3, supra, the trial court merely stated that completion of the deed under the circumstances "was improper under the Statute of Frauds." These words are vague and indefinite. But a reasonable inference can be drawn that the circumstances under which the defendant completed the deed was improper because

it was a means of perpetrating a fraud on plaintiff; that it was wrongful procedure for defendant to follow. " . . . The statute of frauds is intended to protect against a fraud . . .." Aragon v. Boyd, 80 N.M. 14, 17, 450 P.2d 614, 617 (1969).

The statute of frauds is an affirmative defense. Section 21–1–1(8)(c), N.M.S.A. 1953 (Repl.Vol. 4). The trial court did not conclude that the statute of frauds was a bar to defendant's claims.

Affirmed.

It is so ordered.

LOPEZ, J., concurs.

HERNANDEZ, J. (specially concurring).

HERNANDEZ, Judge (specially concurring).

I concur on the basis that the challenged findings of fact are supported by substantial evidence. I believe that appellant substantially complied with the rules of brief construction. See Crockett v. Encino Gardens Care Center, Inc., 83 N.M. 410, 492 P.2d 1273 (Ct.App.1971).